Elliott W. Taylor *vs.* International Industries, Inc.

Worcester. November 20, 1979. — December 31, 1979.

Present: Brown, Greaney, & Dreben, JJ.

*Notice. Practice, Civil,* Master.

In an action to restrain the use of a consent judgment permitting the defendant to repossess the plaintiff's franchise upon the plaintiff's failure to cure any default within ten days after receipt of written notice, the plaintiff was not injured by the defendant's failure to give him notice where he could not have cured the default had he received proper notice. [867-869]

The plaintiff in a civil action could not raise an argument based on findings in a master's supplemental report where the report was never adopted by the trial judge and where the plaintiff did not challenge the rulings of the trial judge sustaining the defendant's objections to the supplemental report. [869]

---

CIVIL ACTION commenced in the Superior Court on January 13, 1975.

The case was heard by *Meagher,* J., on a master's report.

*Douglas G. Moxham* for the plaintiff.

*Robert L. Caporale* for the defendant.

DREBEN, J. In 1969 the plaintiff entered into two franchise agreements with the defendant under which the plaintiff undertook to operate an International House of Pancakes in Springfield and one in Natick. Disputes arose as to the amounts due to the defendant, and another agreement was signed by the parties on March 15, 1974. That agreement provided for the concurrent execution by the plaintiff of two consent judgments permitting the defendant to repossess the franchises upon default by the plaintiff in his obligations of payment. The defendant, however, agreed not to use the consent judgments unless the franchisee (plaintiff) should fail to cure any default within ten days after receipt of written notice. After the defendant attempted to enforce one of the consent judgments, the plaintiff brought suit to restrain their use. The defendant filed a counterclaim for a balance owing from the plaintiff for open account indebtedness and a balance due under a note executed at the time of the March 15, 1974, agreement.

After hearings before a master, the trial judge entered a judgment dismissing the plaintiff's complaint and awarding the defendant damages on its counterclaim. The injunctive aspects of this case have become moot, and the questions remaining relate to damages.

The plaintiff's appeal purports to raise four issues for review. Two relate to a claim that the defendant failed to give the plaintiff proper notice under paragraph 8 of the March 15 agreement, as set forth in the margin.[1] The

---

[1] Paragraph 8 reads in part as follows: "It is agreed and understood between the parties that the consent judgments for possession of each of the units referred to above shall not be used by the Fran-

other two issues relate to claims for damages and set-offs which are based on findings contained in a supplemental report of the master which was never adopted by the trial judge. We affirm the judgment.

1. We do not need to decide whether under the circumstances of this case the notice provisions were complied with or, as found by the master, waived. Even if the plaintiff is correct that he never received the notices required under the March 15, 1974, agreement,[2] he has shown no damages from such failure. The master, in a report[3] which was adopted by the trial judge, found that the plaintiff was in default under the agreement because he had failed to pay his open account indebtedness to the defendant, that the plaintiff knew that he was in default and that the defendant intended to proceed against him for his breach, and that he made no attempt at any time up to the filing of his action to take curative steps. The

chisor for the purpose of taking possession thereof unless and until the Franchisee has failed to cure any default under the terms hereof within ten (10) days after receipt of written notice. Said written notice shall be delivered by registered or certified mail, postage prepaid, and addressed . . . to Franchisee, at his residence. . . ."

[2] The notice as to the Natick franchise dated January 27, 1975, which was given after the plaintiff brought this action, may have been in proper form, but we do not need to discuss the nature and effect of this notice in view of our holding as to damages.

[3] The order of reference to the master was in the usual form and did not require him to report the evidence. After the filing of the plaintiff's notice of appeal, at a time when it was far too late, the defendant moved to amend the order of reference and to file a transcript with the record on appeal. The judge incorrectly allowed the motion. *Cook* v. *Scheffreen*, 215 Mass. 444, 448 (1913). *American Agricultural Chem. Co.* v. *Robertson*, 273 Mass. 66, 80 (1930). *Lowell Gas Co.* v. *Department of Pub. Utils.*, 324 Mass. 80, 91, cert. denied, 338 U.S. 825 (1949). Not only was the motion too late, but its allowance was contrary to the policy expressed in *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975), and other cases. *Jet Spray Cooler, Inc.* v. *Crampton*, 377 Mass. 159,161 n.4 (1979). *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 183-187 (1976). The transcript was never before the trial judge, and a single justice of this court quite properly denied the defendant's motion to file a supplementary appendix containing portions of such transcript.

master also found that the plaintiff offered no evidence of his financial ability to pay his indebtedness, and that even if the defendant had given the plaintiff proper notice, the plaintiff would have had no defense and could not have cured the breach. The latter finding, to which the plaintiff made no objection and which he does not now challenge, is fatal to his claim for damages. If the plaintiff could not have cured the default if he had received proper notice, he has sustained no loss from the defendant's failure.[4] *First Natl. Bank* v. *Slade,* 379 Mass. 243, 253 (1979). Recovery is limited to the damages caused by the defendant's breach and "can be had only for loss that would not have occurred but for the breach." Restatement (Second) of Contracts § 361, Comment e and Illustration 15, and § 360(2) (Tent. Draft No. 14, 1979).

The plaintiff has indeed been damaged but the findings establish that the damage was not caused by the

[4] The plaintiff argues that the giving of notice was a condition precedent to the defendant's use of the consent judgments and that the plaintiff's inability to cure his default is irrelevant. It is true that the inability to cure the default is irrelevant to the issue whether Taylor had the right to receive notice and, if the giving of notice is a condition and not merely a promise, a question we do not decide, such inability would also be irrelevant to the issue whether the defendant's failure to give proper notice would excuse the plaintiff from some performance on his part. 5 Williston, Contracts § 675, at 187 (3d ed. 1961). See *Spooner* v. *General Acc. Fire & Life Assur. Corp.,* 379 Mass. 377, 378 (1979). The plaintiff's inability to cure the default is not, however, irrelevant to the amount of damages to be awarded to the plaintiff for the defendant's breach. Whether the breach be of a condition or of a promise, damages are only awarded to compensate the promisee for the loss resulting from the breach. *Clark* v. *Gulesian,* 197 Mass. 492, 494 (1908). See Restatement (Second) of Contracts, Introductory Note to c. 16, Remedies (Tent. Draft No. 14, 1979). Compare *Mechanics Natl. Bank* v. *Killeen,* 377 Mass. 100 (1979). There the debtor was entitled to damages for the bank's wrongful sale by reason of its failure to inform the debtor that the notes were due and to give him a reasonable opportunity to satisfy his obligation. *Id.* at 107-108. However, in that case the debtor had other assets, *id.* at 110, and there was no finding, as here, that the notice to the debtor would have been to no avail.

failure to give notice but by the plaintiff's inability to pay his indebtedness. Since damages from the failure to give notice are no more than nominal, we do not need to discuss any of the other issues raised by the plaintiff relating to the notice. See *Tehan v. Security Natl. Bank,* 340 Mass. 176, 188 (1959); Restatement (Second) of Contracts § 360, Comment b (Tent. Draft No. 14, 1979). The plaintiff's contentions which allege arbitrary conduct or bad faith on the part of the defendant have no support in the findings of the master which were adopted by the trial court and are based in part on the master's supplemental report, as to which see point 2 below; they are, therefore, not properly before us.

2. The plaintiff also argues that the judgment on the defendant's counterclaim was incorrect because the plaintiff was entitled to a credit under a class action settlement in a Federal court. However, the plaintiff bases this argument on findings of the master contained in a supplemental report. That report was never adopted by the trial judge and hence those findings of the master are entitled to "no weight whatever." *Peteros* v. *Peteros,* 328 Mass. 416, 421 (1952). Moreover, there is no indication that the supplemental report was impliedly adopted by the trial judge. On the contrary, the judge specifically sustained the defendant's objections to the supplemental report. Cf. *Jet Spray Cooler, Inc.* v. *Crampton,* 377 Mass. 159, 172 (1979). While the record appendix does not include the defendant's objections, we obtained a copy of them (see *Ainslie* v. *Ainslie,* 6 Mass. App. Ct. 692, 695 n.3 [1978]) and note that the defendant argued that specific provisions of the class settlement agreement precluded Taylor from being entitled to any benefits under that agreement. Since in his appeal the plaintiff did not challenge the rulings of the trial judge sustaining the defendant's objections to the master's supplemental report, he has not properly raised the question of his rights under the class settlement agreement. Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*