Elliot W. TAYLOR, Plaintiff, Appellant,

v.

Robert J. GALLAGHER, et al.,
Defendants, Appellees.

No. 84–1098.

United States Court of Appeals,
First Circuit.

Argued May 7, 1984.

Decided June 25, 1984.

Eric I. Zucker, Boston, Mass., with whom Gary R. Greenberg, and Goldstein & Manello, Boston, Mass., were on brief, for appellant.

Joseph D. Steinfield, Boston, Mass., with whom Hill & Barlow, Boston, Mass., was on brief, for Robert J. Gallagher.

Before COFFIN and BREYER, Circuit Judges, and PETTINE,* Senior District Judge.

COFFIN, Circuit Judge.

Plaintiff Elliott Taylor appeals from an award of summary judgment in a malpractice action against attorney Robert Gallagher, who had represented Taylor in litigation against International House of Pancakes (IHOP). Taylor's complaint against Gallagher alleged negligence, breach of fiduciary duty, and breach of contract.

The essential facts are not in dispute. Taylor owned two IHOP franchises and in the early 1970's had a dispute with IHOP concerning money owed IHOP under the franchise agreements. On March 15, 1974, the parties entered into an agreement under which Taylor paid IHOP $5,000 and signed a promissory note for $35,000, an amount representing a preliminary determination of Taylor's indebtedness to IHOP as of December 9, 1973. The parties also agreed to submit the issue of Taylor's indebtedness prior to December 9, 1973, to arbitration and to substitute the arbitrators' determination of Taylor's indebtedness as of December 9, 1973, if any, for the promissory note figure of $35,000. The March 15, 1974, agreement also obligated Taylor to pay on a current basis all open account indebtedness arising on or after December 10, 1973. The agreement gave IHOP judgments for possession of both of Taylor's franchises, but the judgments were to be stayed so long as Taylor remained in compliance with the terms of the agreement.

In January 1975, IHOP took possession of one of Taylor's franchises and gave notice that it intended to take possession of the other. Gallagher filed suit on Taylor's behalf in Worcester Superior Court to enjoin IHOP from taking possession. IHOP counterclaimed in three counts: two counts claiming recovery for Taylor's open account indebtedness incurred since December 10, 1973, and the third count claiming approximately $17,000, the amount allegedly remaining due on the $35,000 promissory note. The superior court appointed a master.

In December 1976, the arbitrators found that the net amount owed by Taylor to IHOP as of December 9, 1973, equalled $13,025.23. Under the March 15, 1974, agreement, this figure should have replaced the $35,000 amount in the promissory note. On February 14, 1977, Gallagher had the arbitral award confirmed in a separate action in superior court. The next day the master in Taylor's suit against IHOP filed a report essentially adverse to Taylor on each of IHOP's three counterclaims.

Gallagher then filed two motions, with accompanying briefs and attachments, that attempted to convince the superior court to substitute, pursuant to the parties' March 15, 1974, agreement, the arbitral award for the $35,000 promissory note. The present suit focuses on the adequacy *vel non* of Gallagher's attempts to bring the arbitral

award and its significance to the attention of the superior court.

Gallagher filed the first motion, a "Motion for Leave to File Supplemental Pleading—Answer to Counterclaim", on February 23, 1977. The supplemental pleading alleged overpayment on the modified promissory note as a further defense to IHOP's third counterclaim. The superior court denied this motion on April 15, 1977.

A year later, on May 1, 1978, Gallagher filed a "Motion for Judgment". The proposed judgment would have dismissed IHOP's third counterclaim and awarded Taylor a sum equivalent to his alleged overpayments on the promissory note. The superior court denied this motion on May 9, 1978. Soon thereafter, the court entered judgment in favor of IHOP as recommended by the master.

Taylor then retained a new attorney, Douglas Moxham of Hale & Dorr, for his appeal from the superior court judgment. On appeal, Taylor (through Moxham) did not challenge the superior court's failure to substitute the arbitral award for the $35,000 promissory note. The appeals court affirmed, *Taylor v. International Industries, Inc.*, 8 Mass.App. 865, 398 N.E.2d 501 (1979), and the Supreme Judicial Court denied further appellate review. 379 Mass. 928 (1980).

Undaunted, Taylor (through Moxham) filed a motion for relief from judgment in the superior court, arguing that the superior court record "did not include reference to an arbitration award and judgment". The court denied this motion, and Taylor again appealed. While the appeal was pending, Taylor, who by this time had replaced Moxham with another attorney, filed the instant action against Gallagher in federal district court. The state appellate court summarily affirmed the denial of Taylor's motion for relief from judgment and assessed double costs and 12% interest against Taylor.

Taylor's main criticism of Gallagher's performance in the original superior court action concerns Gallagher's failure explicitly to mention the arbitral award on the face of either the supplemental pleading or the proposed judgment. Taylor argues that in Gallagher's two attempts to notify the superior court of the arbitral award, Gallagher did "no more than briefly note" in accompanying memoranda the existence or outcome of the arbitration.

 If by "briefly noted" Taylor means that Gallagher noted the arbitral award only in a brief, then Taylor may have a point. But Taylor's factual claims and legal analysis otherwise have no merit, as an examination of the superior court record amply demonstrates. In briefs accompanying both motions, Gallagher clearly explained the significance of both the arbitral award and the promissory note under the March 15, 1974, agreement. In both briefs, Gallagher noted the amount of the arbitral award and stated, "It is this figure [$13,025.23] which should be substituted for the $35,000.00 note." Gallagher attached to his briefs copies of the arbitrators' decision and of the separate superior court judgment confirming the arbitrators' award.

Despite Gallagher's efforts, the superior court entered judgment for IHOP in an amount that did not reflect the arbitrators' decision. While the record contains no explanation of why the superior court ignored the arbitrators' decision, we suppose that if Gallagher's performance had been so egregiously inadequate as to cause the superior court to treat Taylor unjustly, then Taylor's new attorney Moxham would have mentioned the arbitral award in Taylor's first appeal. But he did not. The state appellate court found Taylor's second appeal, which focused on the superior court's lack of recognition of the arbitral award, to be frivolous.[1]

 In the present action, the district court held, in granting Gallagher's motion for summary judgment, that "these facts

---

**1.** The appellate court awarded double costs and interest on the amount of the judgment against Taylor, thus implying that the appeal was frivolous. *See* Mass.R.App.P. 25.

reveal no genuine issue of material fact for a jury to resolve". We agree. Taylor's conclusory (mis)characterizations of Gallagher's submissions to the superior court do not suffice to raise genuine issues of material fact that would preclude summary judgment against Taylor. *See Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d 816, 819–20, (1st Cir. 1980) (citing cases).

■ Given the absence of genuine, material factual issues, summary judgment is appropriate where, as here, only one inference can be drawn from the facts. *See, e.g., Wallace v. Shade Tobacco Growers Agricultural Ass'n*, 642 F.2d 17, 20 (1st Cir.1981); *O'Neill v. Dell Publishing Co.*, 630 F.2d 685, 690 (1st Cir.1980). Taylor argues that the district court usurped the jury's role in determining that the facts presented by Taylor could not prove malpractice. Taylor contends that a malpractice suit "requires a determination as to reasonableness, which determination must be left to the jury and is therefore wholly inappropriate for resolution by summary judgment".

■ Although a court may not weigh the evidence or make credibility determinations in granting summary judgment, the court may end a suit before trial if the court determines that, taking the facts and reasonable inferences therefrom in the light most favorable to the non-moving party, no reasonable juror could find for that party. *E.g., O'Neill v. Dell Publishing Co.*, 630 F.2d at 690; *Manganaro v. Delaval Separator Co.*, 309 F.2d 389, 392–93 (1st Cir.1962). Summary judgment is inappropriate in negligence actions only if genuine issues of material fact exist or if reasonable jurors could draw different inferences from agreed facts. *See Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970). If the facts of this case admitted of more than one inference regarding the reasonableness of Gallagher's actions, then the issue of reasonableness should have gone to the jury. However, on the record before us, we see no facts that could reasonably contradict the inference

that Gallagher acted with skill and diligence in apprising the superior court of the arbitral award and its significance. Taylor may not create the possibility of conflicting inferences through wishful thinking about how a sympathetic jury might justify ordering Gallagher to compensate Taylor for the superior court's alleged oversight.

■ Under the circumstances, the district court did not err in denying Taylor's request for discovery. A court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery. *See, e.g., Santoni v. Federal Deposit Insurance Corp.*, 677 F.2d 174, 179 (1st Cir. 1982); *Neely v. St. Paul Fire & Marine Insurance Co.*, 584 F.2d 341, 344 (9th Cir. 1978). Taylor did not show, through a Rule 56(f) affidavit or otherwise, how discovery could have breathed life into his claim.

■ In this appeal, Taylor understandably has attempted to shore up his malpractice claim by faulting not merely Gallagher's failure to bring the arbitral award to the superior court's attention, but also Gallagher's tardiness in doing so. However, Taylor is the tardy one: He did not mention in his complaint the timeliness of Gallagher's submission of claims to arbitration or of Gallagher's attempts to bring the arbitral award to the superior court's attention. Taylor made only a passing reference to timeliness in his 19–page memorandum in opposition to Gallagher's motion for summary judgment. Taylor's affidavit made no mention of timeliness. In sum, the record on which the district court awarded summary judgment did not adequately present Taylor's current argument that Gallagher moved too slowly in asserting Taylor's rights in the superior court. *See Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d at 818–19 (summary judgment appropriate where opposing party was unable "to point to specific facts that were properly asserted in its affidavits and supporting materials which, if estab-

lished at trial, would entitle it to prevail ...").

*The judgment of the district court is affirmed. Costs to appellees.*