USCA1 Opinion

 

 July 31, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1107 EDITH DIODATO AND LOIS DIODATO, AS ADMINISTRATRICES OF THE ESTATE OF MICHAEL J. DIODATO, Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Lay,* Senior Circuit Judge, ____________________ and O'Scannlain,** Circuit Judge. _____________ ____________________ Stephen G. Morte for appellants. ________________ Mary Elizabeth Carmody, Assistant U.S. Attorney, with whom Wayne ______________________ _____ A. Budd, United States Attorney, was on brief for appellee. _______ ____________________ ____________________ _____________________ * Of the Eighth Circuit, sitting by designation. ** Of the Ninth Circuit, sitting by designation. Per Curiam. Plaintiffs appeal the district court's grant of __________ summary judgment in favor of the United States in their action under the Federal Tort Claims Act ("FTCA"). We affirm. I Michael Diodato, an employee of contractor Nova Group, Inc., was electrocuted while laying pipe in a trench at Hanscom Air Force Base in Bedford, Massachusetts. Diodato was easing pipe suspended from the boom of a crane into location for welding when the boom contacted a live power line, or came into such close proximity to the line that electricity arced to it. Diodato was badly burned by the resulting electrical discharge, and subsequently died from his injuries. The administratrices of his estate, Edith and Lois Diodato, sued the utility company and the crane manufacturer in state court, and brought a separate FTCA action in federal court. The state court suit was removed to federal court and consolidated with the FTCA action. In an order entered September 3, 1991, the district court granted the motions of the United States and the utility company for summary judgment. The case against the crane manufacturer remained unresolved. No separate document of final judgment was entered. After denial of a motion for reconsideration, the Diodatos filed a timely notice of appeal. II As a preliminary matter, we reject the government's argument that we lack appellate jurisdiction. Although no separate document setting forth judgment was entered, as required by Federal Rule -2- 2 of Appellate Procedure 4(a) and Federal Rule of Civil Procedure 58, the parties can waive that defect. See Bankers Trust Co. v. ___ ____________________ Mallis, 435 U.S. 381 (1978) (per curiam); Smith v. Massachusetts ______ _______________________ Dept. of Correction, 936 F.2d 1390, 1394 (1st Cir. 1991). We ____________________ conclude that they have done so. The government also points out that the summary judgment order did not resolve all claims in the consolidated proceedings. The rule in this circuit is that "where cases are consolidated for purposes of convenience and judicial efficiency, the cases retain their separate identity and judgments rendered in each individual action are appealable as final judgments within the meaning of 28 U.S.C. 1291 . . . even without the requisite certification under Rule 54(b)." Federal Deposit Ins. Corp. v. _____________________________ Caledonia Inv. Corp., 862 F.2d 378, 381 (1st Cir. 1988). The _____________________ summary judgment order completely resolved the action against the United States. It is therefore appealable. III We likewise reject the assertion that the district court ruled on the summary judgment motion prematurely, without allowing sufficient time for discovery. The district court has "broad discretion" to award summary judgment before the parties have completed discovery. Mendez v. Belton, 739 F.2d 15, 18 (1st ________________ Cir. 1984). In particular, a "court may grant summary judgment despite an opposing party's claim that additional discovery would yield additional facts where the opposing party has not alleged -3- 3 specific facts that could be developed through such discovery." Taylor v. Gallagher, 737 F.2d 134, 137 (1st Cir. 1984). ___________________ Although plaintiffs requested more time for discovery in their opposition to summary judgment, they did not cite to specific facts they hoped to ascertain through such further discovery. They mentioned only that they wished to examine unspecified government documents and depose unnamed government employees. Joint Appendix at 111-12. They "did not show, through a Rule 56(f) affidavit or otherwise, how discovery could have breathed life into [their] claim." Taylor, 737 F.2d at 137. Accordingly, the district court did not err in granting summary judgment without allowing further discovery. IV The Diodatos' primary contention on appeal is that summary judgment was improperly entered because genuine issues of material fact remained. Our review of the entry of summary judgment is plenary. Petitti v. New England Tel. & Tel., 909 _____________________________________ F.2d 28, 30 (1st Cir. 1990). Summary judgment is proper if the evidence "is so one sided that one party must prevail as a matter of law." Id. (quoting Anderson v. Liberty Lobby, 477 U.S. 242, ___ __________________________ 252 (1986)). In assessing the evidence, we view it in the light most favorable to the non- moving party and indulge all reasonable inferences favorable to that party. Id. at 31. ___ The Diodatos concede that we must look to the substantive law of Massachusetts in this FTCA suit. They also concede that the United States is not vicariously liable for the torts of its -4- 4 independent contractors or their employees. Brooks v. A. R. & S. ____________________ Enterprises, 622 F.2d 8, 10 (1st Cir. 1980). They advance three ___________ theories of direct liability: failure to supervise adequately the subcontractor's work; failure to make the project areas reasonably safe; and failure to comply with a statutory duty. On the record before us, none of these theories is persuasive. Because the contract specifically delegated responsibility for the safety of the project to Nova Group, and the United States did not retain supervisory control, we agree with the district court that the United States cannot be held liable on a theory of inadequate supervision. See Foley v. Rust ___ ________________ International, 901 F.2d 183 (1st Cir. 1990). The contract _____________ specially required Nova Group to inform the government twenty-one days in advance of any utility shut-down necessitated by the project. In addition, Nova committed itself to ensuring that no crane would be operated within ten feet of overhead electric lines unless the power was shut off. The government was entitled to rely on this agreement. Plaintiffs cite a number of cases, all decided under the law of other jurisdictions, for the proposition that an employer has a non-delegable duty to supervise independent contractors engaged in inherently dangerous work. See, e.g., Gardner v. United ___________________ States, 780 F.2d 835, 838 (9th Cir. 1986) (California law); ______ Barron v. United States, 654 F.2d 644, 646-47 (9th Cir. 1981) ________________________ (Hawaii law); McGarry v. United States, 549 F.2d 587, 590 (9th _________________________ Cir. 1976) (Nevada law). Unfortunately for plaintiffs, -5- 5 Massachusetts has specifically rejected this rule. Under Massachusetts law, an employer of an independent contractor performing dangerous work must take reasonable steps to protect the public, but owes no special duty to the contractor's employees. Vertentes v. Barletta Co., 466 N.E.2d 500, 501-02 __________________________ (Mass. 1984). The Diodatos' second theory of liability is that the government, as owner and possessor of the land on which the accident occurred, owed decedent a duty to protect against or to warn of dangerous conditions on the property. Under Massachusetts law, a landowner owes a duty of reasonable care to the employees of its independent contractors. Poirier v. Town of __________________ Plymouth, 372 N.E.2d 212, 227 (Mass. 1978). The property owner ________ "must take those steps to prevent injury that are reasonable and appropriate under all the circumstances," id., but has no duty to ___ warn of obvious dangers. Young v. Atlantic Richfield Co., 512 ________________________________ N.E.2d 272, 276 (Mass. 1987), cert. denied, 484 U.S. 1066 (1988). ____________ While the United States undoubtedly owed the decedent a duty to "exercise ordinary prudence and care in the maintenance and use of its power line," Gelinas v. New England Power Co., 268 __________________________________ N.E.2d 336, 339 (Mass. 1971), plaintiffs have not argued that the power lines were defective or poorly maintained. They rely instead on evidence that many persons are unaware of the danger inherent in uninsulated power lines. We are bound, however, by the determination of the Supreme Judicial Court that, as a matter of law, the danger of such lines is open and obvious to one aware -6- 6 of their presence. Burr v. Massachusetts Elec. Co., 248 N.E.2d ________________________________ 492, 495 (Mass. 1969).1 The United States submitted uncontroverted evidence that both the decedent and the crane operator noted the power lines just before the accident occurred. As a matter of law, therefore, the danger presented by the power lines must be deemed obvious to the decedent. Plaintiffs also point us to Massachusetts cases describing electricity as a dangerous instrumentality, and holding those who employ it to a correspondingly high degree of care. E.g., Gelinas ____ _______ v. New England Power Co., 268 N.E.2d 336, 339 (Mass. 1971). _________________________ This special degree of care, however, "is limited to those cases where the victim of the accident was, in relation to the defendant, a member of the general public." Lawler v. General _________________ Elec. Co., 294 N.E.2d 535, 537 (Mass. App. 1973). Such was not _________ the case here. Finally, plaintiffs contend that the government violated Massachusetts statutes governing the use of construction equipment within six feet of live, unguarded power lines. Mass. Gen. L. ch. 166, 21A, 21B (1976). By their terms, these provisions do not appear to govern the conduct of persons not directly responsible for the work. Moreover, plaintiffs presented no evidence that the United States "require[d] or ____________________ 1Because, unlike Massachusetts, Ohio holds as a matter of law that the dangers of electric wires are not readily apparent, Angel v. United States, 775 F.2d 132 (6th Cir. 1985), decided _______________________ under the law of Ohio, does not advance the plaintiff' cause. -7- 7 permit[ted]" Nova employees to operate the crane in close proximity to live power lines. V For the foregoing reasons, we conclude that the district court properly granted summary judgment for the United States. Affirmed. ________ -8- 8