972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Edith DIODATO and Lois Diodato, as Administratrices of the
Estate of Michael J. Diodato, Plaintiffs, Appellants,
v.
UNITED STATES of AMERICA, Defendant, Appellee.
 No. 92-1107.
 United States Court of Appeals,
First Circuit.
 July 31, 1992
 
 Appeal from the United States District Court for the District of Massachusetts
 Stephen G. Morte for appellants.
 Mary Elizabeth Carmody, Assistant U.S. Attorney, with whom Wayne A. Budd, United States Attorney, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Lay,* Senior Circuit Judge, and O'Scannlain,* *Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiffs appeal the district court's grant of summary judgment in favor of the United States in their action under the Federal Tort Claims Act ("FTCA"). We affirm.
 
 
 2
 * Michael Diodato, an employee of contractor Nova Group, Inc., was electrocuted while laying pipe in a trench at Hanscom Air Force Base in Bedford, Massachusetts. Diodato was easing pipe suspended from the boom of a crane into location for welding when the boom contacted a live power line, or came into such close proximity to the line that electricity arced to it. Diodato was badly burned by the resulting electrical discharge, and subsequently died from his injuries. The administratrices of his estate, Edith and Lois Diodato, sued the utility company and the crane manufacturer in state court, and brought a separate FTCA action in federal court. The state court suit was removed to federal court and consolidated with the FTCA action.
 
 
 3
 In an order entered September 3, 1991, the district court granted the motions of the United States and the utility company for summary judgment. The case against the crane manufacturer remained unresolved. No separate document of final judgment was entered. After denial of a motion for reconsideration, the Diodatos filed a timely notice of appeal.
 
 II
 
 4
 As a preliminary matter, we reject the government's argument that we lack appellate jurisdiction. Although no separate document setting forth judgment was entered, as required by Federal Rule of Appellate Procedure 4(a) and Federal Rule of Civil Procedure 58, the parties can waive that defect. See Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978) (per curiam); Smith v. Massachusetts Dept. of Correction, 936 F.2d 1390, 1394 (1st Cir. 1991). We conclude that they have done so.
 
 
 5
 The government also points out that the summary judgment order did not resolve all claims in the consolidated proceedings. The rule in this circuit is that "where cases are consolidated for purposes of convenience and judicial efficiency, the cases retain their separate identity and judgments rendered in each individual action are appealable as final judgments within the meaning of 28 U.S.C. 1291 ... even without the requisite certification under Rule 54(b)." Federal Deposit Ins. Corp. v. Caledonia Inv. Corp., 862 F.2d 378, 381 (1st Cir. 1988). The summary judgment order completely resolved the action against the United States. It is therefore appealable.
 
 III
 
 6
 We likewise reject the assertion that the district court ruled on the summary judgment motion prematurely, without allowing sufficient time for discovery. The district court has "broad discretion" to award summary judgment before the parties have completed discovery. Mendez v. Belton, 739 F.2d 15, 18 (1st Cir. 1984). In particular, a "court may grant summary judgment despite an opposing party's claim that additional discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery." Taylor v. Gallagher, 737 F.2d 134, 137 (1st Cir. 1984).
 
 
 7
 Although plaintiffs requested more time for discovery in their opposition to summary judgment, they did not cite to specific facts they hoped to ascertain through such further discovery. They mentioned only that they wished to examine unspecified government documents and depose unnamed government employees. Joint Appendix at 111-12. They "did not show, through a Rule 56(f) affidavit or otherwise, how discovery could have breathed life into [their] claim." Taylor, 737 F.2d at 137. Accordingly, the district court did not err in granting summary judgment without allowing further discovery.
 
 IV
 
 8
 The Diodatos' primary contention on appeal is that summary judgment was improperly entered because genuine issues of material fact remained. Our review of the entry of summary judgment is plenary. Petitti v. New England Tel. & Tel., 909 F.2d 28, 30 (1st Cir. 1990). Summary judgment is proper if the evidence "is so one sided that one party must prevail as a matter of law." Id. (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986)). In assessing the evidence, we view it in the light most favorable to the nonmoving party and indulge all reasonable inferences favorable to that party. Id. at 31.
 
 
 9
 The Diodatos concede that we must look to the substantive law of Massachusetts in this FTCA suit. They also concede that the United States is not vicariously liable for the torts of its independent contractors or their employees. Brooks v. A. R. & S. Enterprises, 622 F.2d 8, 10 (1st Cir. 1980). They advance three theories of direct liability: failure to supervise adequately the subcontractor's work; failure to make the project areas reasonably safe; and failure to comply with a statutory duty. On the record before us, none of these theories is persuasive.
 
 
 10
 Because the contract specifically delegated responsibility for the safety of the project to Nova Group, and the United States did not retain supervisory control, we agree with the district court that the United States cannot be held liable on a theory of inadequate supervision. See Foley v. Rust International, 901 F.2d 183 (1st Cir. 1990). The contract specially required Nova Group to inform the government twenty-one days in advance of any utility shut-down necessitated by the project. In addition, Nova committed itself to ensuring that no crane would be operated within ten feet of overhead electric lines unless the power was shut off. The government was entitled to rely on this agreement.
 
 
 11
 Plaintiffs cite a number of cases, all decided under the law of other jurisdictions, for the proposition that an employer has a non-delegable duty to supervise independent contractors engaged in inherently dangerous work. See, e.g., Gardner v. United States, 780 F.2d 835, 838 (9th Cir. 1986) (California law); Barron v. United States, 654 F.2d 644, 646-47 (9th Cir. 1981) (Hawaii law); McGarry v. United States, 549 F.2d 587, 590 (9th Cir. 1976) (Nevada law). Unfortunately for plaintiffs, Massachusetts has specifically rejected this rule. Under Massachusetts law, an employer of an independent contractor performing dangerous work must take reasonable steps to protect the public, but owes no special duty to the contractor's employees. Vertentes v. Barletta Co., 466 N.E.2d 500, 501-02 (Mass. 1984).
 
 
 12
 The Diodatos' second theory of liability is that the government, as owner and possessor of the land on which the accident occurred, owed decedent a duty to protect against or to warn of dangerous conditions on the property. Under Massachusetts law, a landowner owes a duty of reasonable care to the employees of its independent contractors. Poirier v. Town of Plymouth, 372 N.E.2d 212, 227 (Mass. 1978). The property owner "must take those steps to prevent injury that are reasonable and appropriate under all the circumstances," id., but has no duty to warn of obvious dangers. Young v. Atlantic Richfield Co., 512 N.E.2d 272, 276 (Mass. 1987), cert. denied, 484 U.S. 1066 (1988).
 
 
 13
 While the United States undoubtedly owed the decedent a duty to "exercise ordinary prudence and care in the maintenance and use of its power line," Gelinas v. New England Power Co., 268 N.E.2d 336, 339 (Mass. 1971), plaintiffs have not argued that the power lines were defective or poorly maintained. They rely instead on evidence that many persons are unaware of the danger inherent in uninsulated power lines. We are bound, however, by the determination of the Supreme Judicial Court that, as a matter of law, the danger of such lines is open and obvious to one aware of their presence. Burr v. Massachusetts Elec. Co., 248 N.E.2d 492, 495 (Mass. 1969).[1]
 
 
 14
 The United States submitted uncontroverted evidence that both the decedent and the crane operator noted the power lines just before the accident occurred. As a matter of law, therefore, the danger presented by the power lines must be deemed obvious to the decedent.
 
 
 15
 Plaintiffs also point us to Massachusetts cases describing electricity as a dangerous instrumentality, and holding those who employ it to a correspondingly high degree of care. E.g., Gelinas v. New England Power Co., 268 N.E.2d 336, 339 (Mass. 1971). This special degree of care, however, "is limited to those cases where the victim of the accident was, in relation to the defendant, a member of the general public." Lawler v. General Elec. Co., 294 N.E.2d 535, 537 (Mass. App. 1973). Such was not the case here.
 
 
 16
 Finally, plaintiffs contend that the government violated Massachusetts statutes governing the use of construction equipment within six feet of live, unguarded power lines. Mass. Gen. L. ch. 166, 21A, 21B (1976). By their terms, these provisions do not appear to govern the conduct of persons not directly responsible for the work. Moreover, plaintiffs presented no evidence that the United States "require[d] or permit[ted]" Nova employees to operate the crane in close proximity to live power lines.
 
 V
 
 17
 For the foregoing reasons, we conclude that the district court properly granted summary judgment for the United States.
 
 
 18
 Affirmed.
 
 
 
 *
 Of the Eighth Circuit, sitting by designation
 
 
 *
 * Of the Ninth Circuit, sitting by designation
 
 
 [1]
 Because, unlike Massachusetts, Ohio holds as a matter of law that the dangers of electric wires are not readily apparent, Angel v. United States, 775 F.2d 132 (6th Cir. 1985), decided under the law of Ohio, does not advance the plaintiff' cause