# United States Court of Appeals
## For the First Circuit

No. 07-1565

OMAYRA RODRÍGUEZ-RIVERA; JOSÉ VÁZQUEZ-NIEVES; JVR,

Plaintiffs, Appellants,

v.

FEDERICO TRILLA REGIONAL HOSPITAL OF CAROLINA;
SERVICIOS MÉDICOS UNIVERSITARIOS,

Defendants, Appellees,

HOSPITAL A; INSURANCE COMPANIES;
COMPANIES A-Z; PERSONS A-Z,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before
Lynch, Chief Judge,
Cudahy,* Senior Circuit Judge,
and Torruella, Circuit Judge.

Cynthia M. González-Aranguren and Gil de Lamadrid, PSC, on brief for appellants.
Ramonita Dieppa-González, on brief for appellees.

July 2, 2008

---

* Of the Seventh Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  On November 18, 2005, the Rodríguez family ("Plaintiffs") filed a medical malpractice claim against Federico Trilla Hospital ("Federico Trilla"), unnamed insurers, companies, and persons ("Defendants").  The claim stems from incidents surrounding the June 1988 birth of Plaintiffs' son, JVR, at Federico Trilla, which after 1999 was known as Servicios Médicos Universitarios ("SMU").  Defendants filed a motion for summary judgment, which the district court granted based on its interpretation of the Asset Purchase Agreement ("APA") entered into by the past and present owners of the hospital.  Plaintiffs appeal.  After careful consideration, we affirm the grant of summary judgment.

## I.  Background

We recite the facts in the light most favorable to the non-movant, here Plaintiffs.  See Ramos-Santiago v. United Parcel Serv., 524 F.3d 120, 122 (1st Cir. 2008).  In 1997, the Puerto Rico legislature approved an amendment to the organic law of the University of Puerto Rico ("UPR") to authorize the creation of a subsidiary to offer services to the university community and the general population.  Under this authority, SMU was created and incorporated as a non-profit organization.  SMU commenced operations and administered Federico Trilla once it was acquired by UPR from the Department of Health in March 1999.  SMU acquired Federico Trilla when it entered into the APA with the Health

Facilities and Services Administration ("HFSA") and other government entities.

JVR, the son of Omayra Rodríguez Rivera and José Vázquez Nieves, was born in June 1988 at Federico Trilla, where he suffered distress, lack of oxygen, and a left parietal fracture resulting in severe, long-term mental and physical damage. On November 18, 2005, Plaintiffs filed a medical malpractice claim in the district court against SMU claiming that the hospital inadequately managed the labor and delivery of JVR.[1]

On September 26, 2006, SMU filed a motion for summary judgment on two grounds: Eleventh Amendment sovereign immunity and improper party because the hospital was purchased in 1999 by virtue of an APA. Appellants asked the district court to deny the motion because SMU had not yet responded to all of the requests for admission and interrogatories that pertained to the motion. The district court granted summary judgment for SMU on the basis of the APA. Plaintiffs appealed.

---

[1] Appellants filed a prior lawsuit based on the same operative facts against the Commonwealth of Puerto Rico and other defendants in commonwealth court in 1997. After several years of litigation, Plaintiffs requested a voluntary dismissal without prejudice, but the court ordered that the case be dismissed with prejudice, except as for JVR's claims since he was a minor. Final judgment was entered on April 27, 2001.

## II.  Discussion

### A.  Standard of Review

We review a district court's grant of summary judgment <u>de novo</u>.  <u>See</u> <u>Thompson</u> v. <u>Coca-Cola Co.</u>, 522 F.3d 168, 175 (1st Cir. 2008).  We will reverse only if, "after reviewing the facts and making all inferences in favor of the non-moving party [here, Plaintiffs], the evidence on record is sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side."  <u>Maymí</u> v. <u>P.R. Ports Auth.</u>, 515 F.3d 20, 25 (1st Cir. 2008) (internal quotation marks and citations omitted).

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits. <u>See</u> Fed. R. Civ. P. 56(c); <u>Thompson</u>, 522 F.3d at 175.  "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.'"  <u>Thompson</u>, 522 F.3d at 175 (quoting <u>Sánchez</u> v. <u>Alvarado</u>, 101 F.3d 223, 227 (1st Cir. 1996)).  "A fact is material if it has the potential of determining the outcome of the litigation." <u>Maymí</u>, 515 F.3d at 25.

### B.  Asset Purchase Agreement

Plaintiffs argue that the Defendants' motion for summary judgment should have been denied because SMU failed to provide

discovery that pertained to material facts.  Plaintiffs contend that the interrogatories included specific questions and requests that would have influenced the outcome of the summary judgment motion.  We disagree.

District courts have broad discretion in determining the timing of pre-trial discovery and we are reluctant to interfere unless it clearly appears that "a discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party."  Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 186 (1st Cir. 1989).  The question here is whether, according to the APA, SMU could be held liable for any malpractice claims stemming from acts that occurred prior to it acquiring the hospital.  We can discern the answer to this question by simply reading the language of the APA in the record we have before us.  Article 1.1(a) of the APA states in unambiguous language:

> Sale of Assets.  Subject to the terms and conditions set fourth in this Agreement on this date (the "Closing Date") and in this act (the "Closing"), Sellers transfer, assign, convey and deliver to Buyer, and cause the transfer, assignment, conveyance and delivery to Buyer of all rights, title and interests in and to certain tangible assets consisting of certain real properties, the buildings thereon, equipment, and machinery, whether installed or uninstalled, leasehold improvements, office equipment and furniture, certain telephone lines, licenses and other assets (of every kind, nature, character and description, whether real or personal, which are used in the Facilities), including all rights and interests which are held for use in or relating in any manner to the Facilities

(hereinafter collectively the "Assets"), <u>free and clear of all claims, liens, charges, liabilities, obligations</u>, contracts, rights, options, security interests, mortgages, encumbrances and restrictions <u>of any kind or nature, whether absolute, accrued, contingent or otherwise</u> (collectively, the "Claims") except for Permitted Liens (as defined in Sections 3.2(c) and 3.3(c)).

Asset Purchase Agreement, March 12, 1999 (emphasis added).

While "Rule 56(f) allows a party opposing summary judgment additional time to conduct discovery on matters related to the motion," <u>C.B. Trucking, Inc.</u> v. <u>Waste Mgmt., Inc.</u>, 137 F.3d 41, 44 (1st Cir. 1998), requests for additional discovery will not always prevent the district court from acting on the motion for summary judgment. <u>See</u> <u>Bank One Texas, N.A.</u> v. <u>A.J. Warehouse, Inc.</u>, 968 F.2d 94, 100 (1st Cir. 1992) ("'[A] court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery.'" (quoting <u>Taylor</u> v. <u>Gallagher</u>, 737 F.2d 134, 137 (1st Cir. 1984))). In their opposition to summary judgment, the Plaintiffs failed to demonstrate how additional discovery might advance their cause. Moreover, in light of the clear wording of the APA, we do not believe they can make such a showing. The interrogatories that SMU allegedly failed to answer addressed facts pertaining to the medical record and the treatment provided to JVR in 1988. These interrogatories did not go to whether SMU had

acquired the liabilities of its predecessor, and so they were irrelevant.[2]

The discovery pertaining to the APA itself was also irrelevant. The document spoke for itself. Given the language of the APA, it was clear to the district court, as it is clear to us, that the answers that Plaintiffs sought would not have changed the outcome of the case.[3] See id. The terms and conditions of the APA clearly demonstrate that SMU did not assume "any obligations or liabilities in connection with or related to the Facilities, or which may affect the Assets, or to which the Facilities or the Assets are subject or by which they may be bound, or any liabilities or obligations of the Sellers which relate in any manner to the operation of the Assets and the Facilities on or prior to the agreement." Asset Purchase Agreement, art. 1.9(a).

---

[2] For example, the Plaintiffs requested answers to the following interrogatories: (1) State whether SMU or the University of Puerto Rico assert or asserted that facts alleged in the complaint are an indemnifiable event pursuant to article 9 of APA. Provide copies of documents relating to this assertion and provide the basis for such assertion. (2) State whether SMU or UPR notified any of the Sellers of the APU regarding the filing or facts of present case. Provide copy of relevant documentation.

[3] For example, the Plaintiff requested answers to the following admissions: (1) Admit that the APA does not specifically waive buyer's responsibility for malpractice claims with respect to facts that occurred prior to the execution of the APA. (2) Admit that the APA does not specifically waive buyer's responsibility for malpractice claims initiated or filed after the execution of the APA. (3) Admit that plaintiffs were not parties to the APA. (4) Admit that plaintiffs did not consent to the APA.

The terms of the APA are clear and unmistakable and Plaintiffs' claims fail.

There is no allegation that SMU was the owner of the hospital when JVR was born, or that it became the successor in interest of the prior owner. As the APA demonstrates, the contract between UPR, HFSA, and other entities, specifically and expressly states that the sale of the assets was made "free and clear of all claims, liens, charges, liabilities, obligations, contracts, rights, options, etc." Asset Purchase Agreement, art. 1.1. The very terms of the APA demonstrate that SMU cannot be held liable for any acts or omissions of the previous owners and/or operators of the hospital.[4]

### III. Conclusion

For the reasons mentioned above, we affirm the district court's grant of summary judgment.

**Affirmed**.

---

[4] Because we find that Defendants are entitled to summary judgment based on the APA, we do not need to examine the issues raised by the Eleventh Amendment defense.