**Endel RODRIGUEZ-CORTES,**
**Plaintiff,**

**v.**

**SUPERINTENDENCIA DEL**
**CAPITOLIO, et al.,**
**Defendants.**

**CIVIL NO. 15–1535 (FAB)**

United States District Court,
D. Puerto Rico.

Signed 02/17/2017

Jane A. Becker–Whitaker, Jane Becker Whitaker, PSC, San Juan, PR, for Plaintiff.

Javier Burgos–Ruiz, Isabel C. Frau–Nicole, Department of Justice of Puerto Rico, San Juan, PR, for Defendants.

### OPINION AND ORDER [1]

FRANCISCO A. BESOSA, United States District Judge

Plaintiff Endel Rodriguez–Cortes ("Rodriguez") brought suit against his former employer, Superintendencia del Capitolio ("Superintendence"), Javier Vazquez–Collazo, in his official and personal capacities, and the Commonwealth of Puerto Rico, seeking reinstatement and monetary damages pursuant to 42 U.S.C. § 1983 and Puerto Rico law. Plaintiff Rodriguez seeks reinstatement to his former position as Project Coordinator by the Commonwealth and the Superintendence, and damages

from defendant Vazquez–Collazo.[2] Before the Court is defendants Superintendence, Javier Vazquez–Collazo ("Vazquez") in his personal capacity, and the Commonwealth of Puerto Rico ("Commonwealth")'s motion for summary judgment, (Docket No. 44), which plaintiff opposes. (Docket No. 52.) Having considered the motion and plaintiff's response, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion.

### I. BACKGROUND

Federal Rule of Civil Procedure 56 and Local Rule 56 require that facts supporting a Motion for Summary Judgment be properly supported by a citation to the record, Local Rule 56(e), and established in a separate short and concise statement of uncontested fact ("SUMF"). Because defendants' SUMF includes several facts not relevant to the claims before the Court, and because plaintiff's counter-SUMF fails to controvert the majority of defendants' asserted facts properly, see P.R. Am. Ins. Co. v. Rivera–Vazquez, 603 F.3d 125, 134 (1st Cir. 2010) (stating that facts which are properly supported "shall be deemed admitted unless controverted in the manner prescribed by the local rule"), the Court includes only those facts which are properly supported by the record and relevant to plaintiff's asserted claims.

Rodriguez began working at the Capitol as a "General Services Assistant". (Docket Nos. 45–2 at p. 27; 50–2 at p. 1). At the time he was hired, the Superintendent of the Capitol was a member of the Popular Democratic Party ("PDP"). (Docket No. 45–2 at pp. 6–37.) Because of his work progress, Rodriguez was promoted to the

---

1. Mariana Deseda–Colon, a recent graduate of the University of Puerto Rico School of Law, assisted in the preparation of the Opinion and Order.

2. The Court previously dismissed plaintiff Rodriguez's monetary claims against the Commonwealth and defendant Vazquez in his official capacity. See Docket No. 18.

position of "Project Coordinator." Id. at pp. 47, 49. Twelve years later, Rodriguez was terminated from his position. (Docket No. 50–1.) At the time of his dismissal, the governor was a member of the PDP. (Docket No. 1 at p. 3.)

## II. LEGAL STANDARD

A court will grant summary judgment if the moving party shows, based on materials in the record, "that there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 786 (1st Cir. 2011) (quoting Rodriguez–Rivera v. Federico Trilla Reg'l. Hosp. of Carolina, 532 F.3d 28, 30 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." Maymi v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008).

At the summary judgment stage, a court must construe the entire record in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005). The Court refrains from making credibility determinations and weighing the evidence. See McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014). The Court also disregards conclusory allegations and unsupported speculation. Id.

## III. DISCUSSION

### A. Political Discrimination Claim

Defendants move for summary judgment on plaintiff's political discrimination

claim on the grounds that plaintiff fails to establish a *prima facie* case of political discrimination. (Docket No. 45 at p. 7.) In his opposition, plaintiff concedes "that he has no political discrimination claim." (Docket No. 52 at p. 4.) Even if plaintiff had not conceded this point, his political discrimination claim would not have been able to survive defendants', motion for summary judgment because, in choosing not to include his party affiliation in his motion, see Docket No. 52, plaintiff has not established that he and the firing entity were from opposite political parties. He, therefore, cannot satisfy the first prong of the First Circuit's four prong test to establish a *prima facie* case of political discrimination.[3] See Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 13 (1st Cir. 2011) (establishing the four prong test as requiring "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action"). Lamboy–Ortiz v. Ortiz–Velez, 630 F.3d 228, 239 (1st Cir. 2010). Because the parties agree that there is no political discrimination claim, defendants' motion for summary judgment as to plaintiff's political discrimination claim is **GRANTED.**

### B. Qualified Immunity and Due Process Clause Claim

 Defendants next move for summary judgment on the theory that defendant Vazquez has qualified immunity as a government employee. (Docket No. 45 at pp. 13–15.) The qualified immunity doctrine protects government officials from suit on federal claims for damages where,

---

**3.** Because both parties focus on the *prima facie* case, the Court does not reach the issue

of a potential Mt. Healthy argument.

in the circumstances, a reasonable official could have believed his conduct was lawful. See Olmeda v. Ortiz–Quiñonez, 434 F.3d 62 (1st Cir. 2006). Qualified immunity does not protect those who knowingly violate the law. See Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

■ In determining whether qualified immunity shields a state actor from liability, the Court uses a two-part test: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2), if so, whether that right was clearly established at the time of defendant's violation." See Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (citing Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

For the first prong of the test, the Court must determine if plaintiff's constitutional rights were violated by the Commonwealth, the Superintendence and by defendant Vazquez acting in his personal capacity. Id. In order to do so, the Court must first address plaintiff's Due Process Clause claim.

### 1. Due Process Clause Claim

■ The Due Process Clause of the Fourteenth Amendment provides both procedural and substantive rights[4] to Puerto Rico citizens. See Gonzalez–Fuentes v. Molina, 607 F.3d 864, 879 (1st Cir. 2010). Rodriguez alleges in his initial complaint that the defendants violated his procedural due process when they terminated him without a prior hearing. (Docket No. 1 at p. 4.) Defendants move for summary judgment on plaintiff's Due Process Clause claim. (Docket Nos. 44, 45.)

The Due Process Clause guarantees public employees a property interest in their continued employment only if "existing rules or understandings that stem from an independent source such as state law" create a reasonable expectation that their employment will continue. Alberti v. Carlo–Izquierdo, 548 Fed.Appx. 625, 635 (1st Cir. 2013) (quoting Bd. of Regents of State Coll. v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Pursuant to Puerto Rico law, a career position is a constitutionally protected property interest. See Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173 (1st Cir. 1988). Persons who hold permanent and career positions must be hired or fired on merit-based criteria. See Costa–Urena v. Segarra, 590 F.3d 18, 22 (1st Cir. 2009). Trust employees, on the other hand, are "involved in policy-making and can be more or less hired or fired at will." Id.

■ Here, defendants maintain the legal conclusion that plaintiff's position was a trust position. (Docket No. 45 at pp. 12–13.) "While the government's classification of a particular position is a relevant fact for the Court to consider, it is not dispositive." Sastre–Fernandez v. Superintendencia del Capitolio, 972 F.Supp.2d 217, 219 (D.P.R. 2013) (Fusté, J.) (citing Galloza v. Foy, 389 F.3d 26, 29 (1st Cir. 2004)). In order to determine if a position is a trust position, the Court must make a fact-specific inquiry. Id. The First Circuit Court of Appeals typically employs a two-pronged test to make this determination, looking first to the political nature of the employing agency and second to the political nature of the plaintiff's position. See Men-

***

4. In their motion for summary judgment, the defendants only provide the legal standard of substantive due process and fail to develop an argument. (Docket No. 45 at pp. 7–9.) Accordingly, the Court finds this argument waived.

See Rodriguez v. Munic. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) ("Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority.")

dez–Aponte v. Bonilla, 645 F.3d 60, 65 (1st Cir. 2011).

In the first prong, the Court evaluates whether "the discharging agency's functions entail decision making on issues where there is room for political disagreement on goals or their implementation." O'Connell v. Marrero–Recio, 724 F.3d 117, 126 (1st Cir. 2013) (quoting Rosenberg v. City of Everett, 328 F.3d 12, 18 (1st Cir. 2003)). Rodriguez's employing agency, the Office of the Superintendent of the Capitol Building, oversees "the upkeep, maintenance, extension, construction and remodeling of the buildings and grounds of the Commonwealth Capitol Building." P.R. Laws Ann. tit. 2 § 651. "The maintenance and upkeep of the Commonwealth's Capitol grounds hardly involves partisan political interests." Sastre–Fernandez, 972 F.Supp.2d at 219. Rodriguez's employing agency does not satisfy the first prong of a trust position.

Furthermore, the position fails to satisfy the second prong. The Court examines whether "the particular responsibilities of the plaintiff's position resemble those of a policymaker, privy to confidential information, a communicator, or some other office holder whose function is such that a party affiliation is an equally appropriate requirement for continued tenure." Rosenberg, 328 F.3d at 18. The Court considers the position's "relative pay, technical competence, power to control others, authority to speak in the name of policymakers, public perception, influence on programs, contact with elected officials, and responsiveness to partisan politics and political leaders." O'Connell, 724 F.3d at 127 (quoting O'Connor v. Steeves, 994 F.2d 905, 910 (1st Cir. 1993)).

Here, Rodriguez coordinated meetings, inspections, and jobs for construction projects and mechanical and electrical issues. (Docket No. 45–2 at pp. 51–52.) He asserts that he (1) never had the authority to make policy; (2) did not evaluate other employees, discipline them, or recommend that they be disciplined; (3) had no authority to hire or fire an employee; and (4) did not report to the Superintendent directly.[5] (Docket No. 52–2.) These responsibilities do not resemble those of a trust position, nor do they have to do with partisan ideology. See Sastre–Fernandez, 972 F.Supp.2d at 219 (finding that plaintiff's duties as a groundskeeper did not constitute those of a trust position, even though the government had labeled plaintiff's position as "trust"). Rodriguez's Project Coordinator position does not satisfy the second prong of a trust position.

Plaintiff's position of Project Coordinator fails to meet the requirements of a trust position.[6] The Court finds that plaintiff's position was a career position, and he was therefore entitled to a pre-termination hearing. By not affording him a hearing, defendants violated Rodriguez's procedural due process right.

**2. Vazquez's Defense of Qualified Immunity**

Defendants argue that even if the Court decides plaintiff's Due Process Clause claim is valid, Vazquez is still entitled to

---

**5.** Rodriguez reported to Alex Martinez (Project Manager), who reported to Pablo Sastre (Deputy Superintendent), who reported to the Superintendent. (Docket No. 52–2 at p. 1.)

**6.** Pablo Sastre ("Sastre") filed a parallel case prior to this one before another Court against the same defendants. The defendants moved to dismiss, arguing that Sastre's duties included policy making-powers. (Docket No. 52–2.) Sastre–Fernandez v. Superintendencia del Capitolio, 972 F.Supp.2d 217 (2013). The Court denied the motion to dismiss and found that Sastre's job position was not a trust position. Id. at p. 220.

qualified immunity. (Docket No. 45 at p. 15.) The Court disagrees.

■ "Due process in a pre-termination hearing of a career civil servant with a property interest in his job is required by law." Maldonado Agueda v. Montalvo, 826 F,Supp. 47, 51 (D.P.R. 1993); see Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 537, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Here, the Court has already established that Rodriguez held a career position, and that defendants failed to offer Rodriguez a pre-termination hearing. (Docket No. 52 at p. 3). Plaintiff's deprivation of a pre-termination hearing is a Constitutional violation, and, therefore, satisfies the first element of qualified immunity's two-part test.

■ For the second prong of the test, the Court must determine if plaintiff's right was clearly established at the time of the violation. See Maldonado, 568 F.3d at 269. The First Circuit Court of Appeals divides this part of the test into two inquiries: "(1) whether the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right, and (2) whether in the specific context of the case, a reasonable defendant would have understood that his conduct violated the plaintiff's constitutional rights." Mosher v. Nelson, 589 F.3d 488, 493 (1st Cir. 2009) (quoting Maldonado, 568 F.3d at 269).

First, the First Circuit Court of Appeals and this Court have held for many years, and in many instances, that employees holding career positions in Puerto Rico are entitled to pre-termination hearings because they have a property right in their employment. Accord Laborde–Garcia v. P.R. Tel. Co., 993 F.2d 265, 266–67 (1st Cir. 1993); Rodriguez–Diaz v. Cruz–Colon, 878 F.Supp.2d 333, 344 (D.P.R. 2012) (Gelpi, J.) ("Career employees ... have a property interest in their continued em-

ployment under Puerto Rico law."); Feliciano v. P.R. State Ind. Fund, 818 F.Supp.2d 482, 494–95 (D.P.R. 2011) (Dominguez, J.). Thus, the contours of the Constitutional right were clear here— plaintiff was entitled to a hearing. Knowing this well-established rule, and that plaintiff's job responsibilities did not resemble those of a policymaker, a reasonable defendant would have realized that plaintiff Rodriguez was a career employee, and thus, terminating him without a hearing deprives him of a property interest and violates his Due Process Clause rights. Defendants fail to satisfy either part of the qualified immunity test. Accordingly, the Court finds that the defense of qualified immunity does not apply to defendant Vazquez.

Because plaintiff's due process rights were violated and defendant Vazquez's defense of qualified immunity fails, defendants' motion for summary judgment as to plaintiff's Due Process Clause claim is **DENIED**.

### IV. Conclusion

For the reasons expressed above, defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART.**