ANTHONY IANELLO vs. COURT MANAGEMENT CORPORATION
& others.[1]

Hampden. April 7, 1987. — June 22, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

Damages, Breach of covenant of quiet enjoyment, Reprisal by landlord,
Attorney's fees. Landlord and Tenant, Quiet enjoyment, Reprisal by
landlord.

Where an apartment manager's action in preventing a tenant from using
certain common facilities in an apartment complex violated both G. L.
c. 186, § 14 (prohibiting interference with quiet enjoyment of residential
premises), and G. L. c. 186, § 18 (prohibiting reprisal against a tenant
for engaging in certain protected activities), the tenant was entitled to
recover damages for his injuries under both sections of the statute [324];
however, where the deterrence and incentive functions of both sections
were served by an award of three months' rent under § 14, recovery for
an injury under § 18 caused by the same act would be limited to the
statutory minimum of the greater of one month's rent or actual damages
[324-325].
A judge's award of attorney's fees and costs under G. L. c. 186, §§ 14 &
18, was to be clarified so as to state the total amount of a tenant's
recovery under both claims. [325]

CIVIL ACTION commenced in the Hampden County Division
of the Housing Court Department on August 1, 1985.

The case was heard by Edward C. Peck, Jr., J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

J. Paterson Rae for the plaintiff.

HENNESSEY, C.J. The plaintiff appeals from a judgment of
the Housing Court awarding him damages for violations by
the defendants of G. L. c. 186, §§ 14 and 18 (1984 ed.). The
judge awarded the plaintiff damages in the sum of $1,020 plus

[1] Allan Ross and Elaine Hood.

a reasonable attorney's fee of $450 under § 14 and an equivalent award under § 18, "subject to one recovery with the first claim." The plaintiff argues that, because the two statutory provisions were intended to protect separate and distinct interests, the judge erred in determining that the damages under the two statutory provisions were duplicative. We agree, and consequently we reverse the judgment and remand this matter to the judge to enter a new judgment awarding separate recoveries under both § 14 and § 18, but we further conclude that multiple damages may be awarded under only one of the recoveries.

The judge found the following facts. In 1983, the plaintiff rented an apartment at 33 Norman Terrace in Agawam. At that time, he was particularly interested in securing a place to store his weight lifting apparatus and to exercise daily. He had made this known to Elaine Hood, the resident manager of the apartment complex, and she showed him a "conference room" which he could use for those purposes, in common with other uses that other tenants might make of the room. The plaintiff took the apartment with that feature as an inducement to rent.

In April, 1985, the landlord decided to raise the rent by $30 effective in June, and sent a notice to that effect to all tenants. On receiving the notice and on paying his May rent of $340, the plaintiff complained to Hood about the size of the increase. Hood sympathized but attributed the raise in rent to the "owner." The plaintiff then talked with his next door neighbor, Samuel Harp, about the increase, and they both sought legal advice. Harp tried to interest other tenants in resisting the rent increase, and both he and the plaintiff withheld the June rent payment. After failing to pay the June rent, the plaintiff received a fourteen-day notice to quit, but on June 12 he paid the June rent at the new requested rate of $370.

When Hood learned of Harp's attempts to interest other tenants in resisting the rent increase, she associated the plaintiff with the activity and told Harp that the plaintiff could no longer use the "conference room" for his weights, and that it would cost him $20 or $25 a month to get it back. Thereafter, the locks in the "conference room" were changed and the plaintiff

lost the use of the "conference room" until August 9, when the judge granted the plaintiff's preliminary injunction.

After a trial before a judge of the Housing Court, the defendants were found to have violated G. L. c. 186, § 14 and § 18.[2] The judge awarded the plaintiff damages of $1,020 (equal to three months' rent) plus a reasonable attorney's fee of $450 for the violation of § 14 and an equivalent award under § 18, "subject to one recovery with the first claim." The plaintiff contends that the judge erred in not awarding separate recoveries under both § 14 and § 18. We agree.

The defendants have not appealed from the finding that their conduct interfered with the quiet enjoyment of the premises rented to the plaintiff in violation of G. L. c. 186, § 14. We have stated that "[t]he phrase 'quiet enjoyment' is a familiar term in landlord-tenant law, signifying the tenant's right to freedom from serious interferences with his tenancy — acts or omissions that 'impair the character and value of the leased premises.'" *Simon* v. *Solomon*, 385 Mass. 91, 102 (1982), quoting *Winchester* v. *O'Brien*, 266 Mass. 33, 36 (1929). The acts of the defendants in locking the plaintiff out of the "con-

---

[2] General Laws c. 186, § 14, states in relevant part: "[A]ny lessor or landlord who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant, or who attempts to regain possession of such premises by force without benefit of judicial process, shall be punished by a fine of not less than twenty-five dollars nor more than three hundred dollars, or by imprisonment for not more than six months. Any person who commits any act in violation of this section shall also be liable for actual and consequential damages or three month's rent, whichever is greater, and the costs of the action, including a reasonable attorney's fee, all of which may be applied in setoff to or in recoupment against any claim for rent owed or owing. . . . The provisions of section eighteen of chapter one hundred and eighty-six and section two A of chapter two hundred and thirty-nine shall apply to any act taken as a reprisal against any person for reporting or proceeding against violations of this section."

General Laws c. 186, § 18, states in relevant part: "Any person or agent thereof who threatens to or takes reprisals against any tenant of residential premises for the tenant's act of . . . organizing or joining a tenants' union or similar organization shall be liable for damages which shall not be less than one month's rent or more than three month's rent, or the actual damages sustained by the tenant, whichever is greater, and the costs of the suit, including a reasonable attorney's fee."

ference room" constituted a serious interference with the tenancy. Their conduct also violated G. L. c. 186, § 18.[3] Section 18 was designed to protect tenants against reprisal by a landlord for engaging in certain protected activities. *Scofield* v. *Berman & Sons*, 393 Mass. 95, 110-111 (1984), appeal dismissed, 469 U.S. 1201 (1985). Here, the plaintiff was involved in tenant organizing activities protected under the statute.

The plaintiff contends, and we agree, that § 14 and § 18 of c. 186 were designed to protect different interests and that the defendants' action in locking the plaintiff out of the "conference room" constituted two separate injuries. Because separate injuries were involved, the judge erred in not awarding damages to the plaintiff under both § 14 and § 18. This case is unlike *Calimlim* v. *Foreign Car Center, Inc.*, 392 Mass. 228, 236 (1984), in which we stated that "[i]t is only where the same acts cause the same injury under more than one theory that duplicative damage recoveries will not be permitted." Here, the same act caused separate injuries, and, thus, the plaintiff was entitled to recover damages under both statutes.

Nevertheless, we do not agree with the plaintiff that he is entitled to an award of three months' rent under both sections. We have previously concluded that "[s]ection 14 allows a minimum recovery of three months' rent as an incentive to the pursuit of relief where the actual and consequential damages are slight or are difficult to prove." *Darmetko* v. *Boston Hous. Auth.*, 378 Mass. 758, 762 (1979). As such, the triple rent clause is not a compensatory provision but is "designed to deter violations and to encourage tenants to seek relief under § 14." *Simon* v. *Solomon, supra* at 110 n.13. A similar rationale underlies the provision of § 18 allowing the recovery of "not . . . less than one month's rent or more than three month's rent, or the actual damages sustained by the tenant, whichever

---

[3] Although there was evidence that, on a date before the attempt to organize the tenants occurred, the plaintiff and Hood discussed restrictions on the plaintiff's use of the "conference room," the judge's findings may fairly be read as deciding that the "lock-out" effectively occurred after the tenants' organizing took place. Thus, the sequence of events permits the finding of two injuries from the single action of the defendants.

is greater." Allowing a recovery of three months' rent under § 14 fulfils the deterrence and incentive functions of § 14 and § 18 when the same act by the defendants has given rise to violations under both sections. Consequently, the plaintiff's recovery under § 18 in this instance is limited to one month's rent or actual damages, whichever is greater. Because the judge determined that the actual damages in this case did not exceed $100, the plaintiff may recover only $340, one month's rent, under § 18.[4]

The plaintiff also contends that he is entitled to his costs and attorney's fees. The judge awarded the plaintiff reasonable attorney's fees of $450 under § 14 and $450 under § 18, "subject to one recovery with the first claim." It is not clear whether the judge intended to award attorney's fees of $450 or $900. Consequently, a new determination of attorney's fees should be made which may include attorney's fees and costs on this appeal. *Darmetko* v. *Boston Hous. Auth., supra* at 765. Of course, the fees and costs must not be doubled merely because the plaintiff proceeded under the two statutes.

The judgment is reversed, and the case is remanded to the Housing Court judge to enter a new judgment awarding the plaintiff a recovery of three months' rent under § 14 and one month's rent under § 18, for a total recovery of $1,360 in damages, and to redetermine an appropriate award of costs and attorney's fees.

*So ordered.*

---

[4] The plaintiff does not argue that damages should properly be determined using the increased monthly rent of $370 instead of $340. The judge found that, as of the first week in June, the rent was $340 per month because no new agreement had been reached between the parties.