Doyle, P.J.
This action was instituted by the plaintiff-tenant to recover damages for the defendant-landlords’ failure to provide hot water in violation of G.L. c.186, §14.
The report states that the plaintiff was a tenant-at-will of premises owned by the defendants, and paid a monthly rent of $490.00. In March, 1988, the *9 plaintiffs premises were without hot water for a five day period, and the defendants failed to remedy such problem after notice by the plaintiff.
At the close of trial, the plaintiff requested that the court award damages in the amount of three months rent, costs and attorneys’ fees pursuant to G.L. c.186, § 14. Judgment was, however, entered in the amount of $560.00 only, and no attorneys’ fees were assessed and awarded by the court.
The plaintiff thereafter filed a Dist./Mun. Cts. R. Civ. P., Rule 59 (e) motion to alter and amend judgment by increasing the amount of damages to $1,470.00 (three times the plaintiffs monthly rent of $490.00), and by adding an amount for costs and reasonable attorneys’ fees. The trial court rejected the plaintiffs argument that a minimum award of three months’ rent and attorneys’ fees is statutorily mandated by G.L. c.186, § 14, and denied the plaintiffs Rule 59(e) motion. The court also specifically declined to award attorneys’ fees to the plaintiff.
General Laws c.l 86, § 14 expressly provides, in relevant part:
Any person who commits any act in violation of this section shall also be liable for actual and consequential damages or three months’ rent, whichever is greater, and the costs of the action, including a reasonable attorney’s fee... . (emphasis supplied).
The mandatory terminology employed by the Legislature indicates that a tenant is entitled to a minimum statutory recovery for the wrongful acts of a landlord. Where, as in the instant case, no actual or consequential damages are proved, a judgment for the plaintiff-tenant must be entered in the amount of three months’ rent. Ianello v. Court Management Corp., 400 Mass. 321, 324 (1987). This minimum recovery of three months’ rent is intended to serve as “an incentive to the pursuit of relief where the actual and consequential damages are slight or are difficult to prove.” Darmetko v. Boston Housing Authority, 378 Mass. 758, 762 (1979). The triple rent provision of G.L. c.186, § 14 is thus designed both to deter landlord violations and to encourage tenant action Simon v. Solomon, 385 Mass. 91, 110 fn.13 (1982). No judicial discretion to enter j udgment in an amount less than three months’ rent is afforded by the statute.
The plaintiff was also statutorily entitled to an assessment and award of reasonable attorneys’ fees herein. It is settled that the plaintiffs representation by a legal services organization in no way impairs her right to recover counsel fees in this action. Darmetko v. Boston Housing Authority, supra at 763-764, and cases cited. As the determination of a reasonable attorney’s fee rests within the broad discretion of the trial justice, exercised in conformity with established guidelines, (see Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629-630 (1978); Cummings v. National Shawmut Bank, 284 Mass. 563, 569 (1933)), this case must be returned to the trial court.
Accordingly, the trial court’s denial of the plaintiffs motion to alter and amend judgment is reversed. This case is remanded to the trial court for an assessment of reasonable attorneys’ fees by the trial justice. Judgment is to be entered for the plaintiff in the amount of $1,470.00 plus costs and attorneys’ fees. So ordered.