JOHN R. WHIRTY *vs.* ADRIENNE LYNCH.

No. 88-P-745.

Suffolk. April 7, 1989. — June 23, 1989.

Present: DREBEN, KAPLAN, & KASS, JJ.

*Practice, Civil*, Summary judgment, Affidavit. *Criminal Offender Record Information. Privacy. Public Officer. Governmental Immunity.*

In an action by a criminal defendant against the assistant district attorney responsible for prosecuting him on various criminal charges alleging that, in performing her duties, she disseminated to newspaper reporters information which should not have been made public under the Criminal Offender Record Information Act, G. L. c..6, §§ 167-178, and unreasonably interfered with his privacy, the judge was warranted in concluding that, based on an evaluation of affidavits submitted on a motion for summary judgment, the only occasions on which the assistant district attorney made information about the criminal defendant available to the press were in the course of judicial proceedings at hearings in open court. [499-500]

There was no merit to the contention by a criminal defendant that an assistant district attorney responsible for prosecuting him on various criminal charges, who made statements in open court about his criminal record, which were then reported in two newspapers, should not have made such information public under the Criminal Offender Record Information Act, G. L. c. 6, §§ 167-178. [500-501]

There was no merit to the contention by a criminal defendant that an assistant district attorney responsible for prosecuting him on various charges unreasonably interfered with his privacy within the meaning of G. L. c. 214, § 1B, when she made statements in open court about his prior criminal record which were then reported in two newspapers. [501]

CIVIL ACTION commenced in the Superior Court Department on January 16, 1987.

A motion for summary judgment was heard by *George C. Keady, Jr.,* J.

The case was submitted on briefs.

*John R. Whirty*, pro se.

*James M. Shannon*, Attorney General, & *Marc C. Laredo*, Assistant Attorney General, for the defendant.

KASS, J. Although original, the points which the plaintiff Whirty argues on appeal are without merit. Whirty complains that Adrienne Lynch, in performing her duties as an assistant district attorney, disseminated to newspaper reporters information which: (1) should not have been made public under the Criminal Offender Record Information ("CORI") Act (G. L. c. 6, §§ 167-178); and (2) unreasonably interfered with his privacy, in violation of G. L. c. 214, § 1B. Judgment was entered in favor of the assistant district attorney upon allowance of her motion for summary judgment.

In November, 1985, Ms. Lynch was responsible for prosecuting Whirty on charges of attempted kidnapping and assault and battery. She addressed the court at a hearing on a continuance sought by the government on November 26, 1985, and at Whirty's arraignment on December 18, 1985. For purposes of considering the appeal, we take it Ms. Lynch was the source of information that: Whirty had been convicted of the murder and rape of a fifteen year old girl in Texas; he was in violation of his Texas parole; and there was an outstanding warrant for the arrest of Whirty in Natick for assault and battery and contributing to the delinquency of a minor. Articles reporting this information appeared in two newspapers, The Middlesex News and NewsWest. The earlier of those articles was published after December 8, 1985, when Whirty's indictment was handed up.

1. *The affidavits*. Ms. Lynch's affidavit in support of summary judgment (Mass.R.Civ.P. 56[c], 365 Mass. 824 [1974]), specifically disavows any conversation with the press about Whirty and states that her only public statements about Whirty were made during the proceedings in open court on November 26, 1985, and December 18, 1985. Inferentially, then, the papers reported what she had said in court. Whirty argues that his affidavit put those facts in dispute by stating that "[b]etween November 17, 1985 and December 24, 1985 Defendant Lynch did contact the personnel of the News West newspaper of

Natick, Massachusetts, and spoke of plaintiff." The affidavit contains an identical assertion about Ms. Lynch's alleged contacts with the Middlesex News. The Whirty affidavit supplies no basis for these assertions. There is no expression that Whirty has any personal knowledge of the contacts alleged or that he had examined materials from which such contacts reasonably could be inferred. The newspaper articles themselves, as we have noted, lend themselves to the inference that they were based on courtroom statements. As presented, Whirty's assertions about Ms. Lynch's communications with the press are just that — assertions — or based on hearsay or supposition, unless he refers to the statements Ms. Lynch made in court, which, as we shall see, were permissible and proper. An affidavit on summary judgment must rest on personal knowledge. *Madsen* v. *Erwin*, 395 Mass. 715, 721 (1985). *Glaz* v. *Ralston Purina Co.*, 24 Mass. App. Ct. 386, 387 (1987). The Superior Court judge correctly concluded from the materials presented on the summary judgment motion that, as the record stood, the only occasions on which Ms. Lynch made information about Whirty available to the press were the two hearings in court.

2. *CORI*. The CORI Act limits the dissemination of criminal records and empowers the Criminal History Systems Board to promulgate regulations in furtherance of the law. G. L. c. 6, §§ 171-172. The Act also creates a private right of action for a violation of the CORI Act and abrogates a defense of "any privilege, absolute or qualified," if the violation is willful. G. L. c. 6, § 177.[1] As to matter specifically related to a contemporaneous criminal proceeding, the board has specifically authorized the release of such information. 803 Code Mass. Regs. 2.04 (1986).[2]

---

[1] We assume, without deciding, that this applies with equal force to the principle of prosecutorial immunity adverted to below. See *Imbler* v. *Pachtman*, 424 U.S. 409, 420 (1976); *Chicopee Lions Club* v. *District Attorney for the Hampden Dist.*, 396 Mass. 244 (1985).

[2] The regulation provides in part:

   (5) *Authorization For Public Dissemination of CORI*
     (a) A criminal justice agency with official responsibility for a pending

It was entirely appropriate for Ms. Lynch, as a prosecutor arguing continuance and bail matters, to acquaint the judge with what she knew about the accused's criminal record. See G. L. c. 276, § 58. That information would bear on whether the accused should be admitted to bail and at what dollar level.

3. *Invasion of privacy.* As the assistant district attorney's dissemination of information about Whirty's criminal record was permissible under CORI, it could hardly constitute an unreasonable interference with his privacy within the meaning of G. L. c. 214, § 1B. As to any action under § 1B, a prosecutor acting, as here, within the scope of her prosecutorial duties enjoys absolute immunity. See *Imbler* v. *Pachtman*, 424 U.S. at 420; *Chicopee Lions Club* v. *District Attorney for the Hampden Dist.*, 396 Mass. 244 (1985). Compare *Duarte* v. *Healy*, 405 Mass. 43, 46 (1989).

That absolute immunity from civil suit precludes attaching any legal consequence in this case to Whirty's assertions that the assistant district attorney misstated details of his criminal record. The CORI Act deals with limitations on making a criminal record public, not with the accuracy of the information made public in cases, such as this, where making the information public is permissible. We might add that Whirty has failed to specify in which respects his record was erroneously reported and he could not, in any event, rest on the generalized assertions of his affidavit.

4. *Miscellaneous.* It is unnecessary to address Whirty's argument that the judges and clerks for the Superior Court have conspired to excise certain submissions from the docket and from the papers in the case. We have examined the documents, including the press clippings, which Whirty included in the record appendix as if they had been part of the record.

*Judgment affirmed.*

criminal investigation or prosecution may disseminate CORI that is specifically related to and contemporaneous with an investigation or prosecution; . . .

(6) *Dissemination of CORI During Certain Proceeding.* No provision of these regulations shall be construed to prohibit dissemination of criminal offender record information in the course of criminal proceedings, or other proceedings expressly required by a statute to be made public, including published opinions, where such disclosure is limited to that necessary to carry on such proceedings effectively.