Coven, J.
This is an action to recover for the defendant-landlords’ breach of quiet enjoyment. Summary judgment was entered for the defendants, and the plaintiff has appealed to this Division pursuant to Dist./Mun. Cts. RADA, Rule 8A
Plaintiff Spencer W. Nelson leased an apartment owned by defendants Susan Paolillo and Donna Huls. After six months of the plaintiff’s tenancy, the defendants attempted to evict him. The plaintiff prevailed in the summary process proceeding, and the defendants’ complaint for his eviction was dismissed.
The plaintiff’s complaint in this action alleges that defendant Paolillo informed the mail carrier that the plaintiff had moved, causing the plaintiff’s mail service to be terminated. The plaintiff further alleges that during this period, he did not receive a letter from the Massachusetts Registry of Motor Vehicles notifying him of the suspension of his driver’s license. As a result of not receiving that notice, the plaintiff was subsequently arrested and prosecuted for operating after suspension of his license.
The defendants filed a motion for summary judgment, together with the affida- , vits of defendant Paolillo and the mail carrier. In defendant Paolillo's affidavit, she *165 expressly denies speaking to the mail carrier. The mail carrier averred that he initiated a conversation with defendant Huls after he noticed that the plaintiffs mail was not being picked up. The carrier further attested that in response to his inquiries, defendant Huls informed him that she did not know the plaintiff’s whereabouts, and that he then terminated the plaintiffs mail service.
In opposition to the defendants’ summary judgment motion, the plaintiff introduced an unsworn statement of the Supervisor of Customer Services for the Post Office. The Supervisor stated that the mail carrier did not deliver plaintiff’s mail when he was told by the defendant-landlord that the plaintiff had moved.
1. Summary judgment is the appropriate mechanism for the disposition of a legal claim where the moving party establishes that the opposing parly has no reasonable expectation of proving an essential element of the latter’s case at trial. Flesner v. Technical Comm. Corp., 410 Mass. 805, 809 (1991); Macoviak v. Chase Home Mortg. Corp., 40 Mass. App. Ct. 755, 760 (1996). The burden is on the moving party to demonstrate the absence of both a genuine issue of material fact and evidence to support the opposing party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Upon such demonstration, the burden then shifts to the opposing party “to show with admissible evidence the existence of a dispute as to material facts.” Id. at 711; Geller v. Allied-Lyons PLC, 42 Mass. App. Ct. 120, 125 n. 8 (1997).
The affidavits submitted in support of the defendants’ summary judgment motion set forth probative assertions as to the inability of the plaintiff to prove an essential element of his claim; namely, that defendant Paolillo affirmatively misrepresented to the mail carrier that the plaintiff had moved. This evidence was sufficient to shift the Mass. R. Civ. P., Rule 56 burden to the plaintiff to prove the contrary proposition or to raise a material issue for trial based on admissible evidence. The plaintiff did not file an affidavit to contest the facts outlined in the defendants’ affidavits, hut instead relied on the allegations of his unverified complaint. Such allegations in an unverified pleading are not, however, afforded any evidentiary weight in determining the existence of a genuine question of material fact for summary judgment purposes. Godbout v. Cousens, 396 Mass. 254, 262-263 (1985); Welford v. Nobrega, 30 Mass. App. Ct. 92, 95 (1991).
Further, the unsworn statement of the Post Office Supervisor contained nothing more than hearsay assertions. Hearsay, in and of itself, is insufficient to defeat summary judgment. Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995); Madsen v. Erwin, 395 Mass. 715, 721 (1985). Moreover, statements which are not based on personal knowledge, even if contained in a sworn affidavit which was not the case here, are to be disregarded in consideration a summary-judgment motion. Id.; Whirty v. Lynch, 27 Mass. App. Ct. 498, 500 (1989). The plaintiff failed, therefore, to advance any competent evidence to prove the essential elements of his case, and summary judgment was appropriately granted.
2. Had the plaintiff been able to substantiate his assertions with admissible evidence, his allegations may well have been sufficient to permit his recovery for a breach of quiet enjoyment. Pursuant to G.L.C. 186, §14, a residential tenant enjoys the right to the quiet enjoyment and use of the premises and the freedom from any serious interruption of his rights. Section 14 guarantees a tenant’s right to be free from any “acts or omissions that impair the character and value of the leased premises.” Simon v. Solomon, 385 Mass. 91, 102 (1982).
In determining whether there has been a breach of a tenant’s statutory right of quiet enjoyment, it is the landlord’s conduct, rather than his intent, which controls. Where a violation of a tenant’s rights is the natural and probable consequence of action or inaction by the landlord, a claim for breach of quiet enjoyment may lie. See Blackett v. Olanoff, 371 Mass. 714, 716 (1977) (landlord’s failure to control the decibel level of music emanating from another tenant’s lounge which interfered *166 with the plaintiff-tenant’s rights constituted breach of quit enjoyment). See also Ianello v. Court Mgm. Corp., 400 Mass. 321 (1987).
The right to receive mail at a personal residence is substantial enough to be protected by federal law, 39 U.S.CA §403 (b), and any interference with that right is thus a serious intrusion on a tenant’s enjoyment of residential premises. Had the plaintiff in this case been able to sustain his Rule 56 burden with competent evidence that the defendants’ conduct resulted in the disruption or termination of his mail service, a breach of quiet enjoyment may well have been found by the trial court.
As the plaintiff failed to sustain his burden, the allowance of the defendants’ summary judgment motion is affirmed. The plaintiff’s appeal is dismissed.
So ordered.