Coven, J.
This is a Dist./Mun. Cts. RAD. A, Rule 8C appeal by the defendants/ tenants of the trial court’s findings and rulings as to damages on their G.L.C. 186, §14 counterclaim.
The plaintiff’s complaint sought recovery on three counts for use and occupancy, property damage to the leased premises, and enforcement of an earlier judgment.[2] The defendants counterclaimed, inter alia, for the plaintiff’s violation of *71 G.Lc. 186, §14 in causing the defendants/tenants to pay for electricity in the common areas of the building without their consent.
The plaintiff/landlord testified at trial that because he had occupied the apartment in question prior to the defendants’ tenancy, the electricity for the common areas had been charged to the meter for that apartment; and that when the defendants assumed occupancy of the apartment, he failed either to inform them of the meter arrangement, or to make a commensurate adjustment to their rent. The trial court made written findings and rulings indicating that the defendants had in fact been improperly charged for electricity in the common areas, but that the plaintiffs conduct was unintentional, the cost of the electricity was de minimis and the defendants were thus entitled to damages in the amount of only $10.00 per month, for a total of $140.00. The $140.00 amount was awarded by way of setoff to the court’s judgment for the plaintiff.
The defendants thereafter filed a Mass. R. Civ. R, Rule 59 motion to amend the courfs findings and judgment on the grounds that they were statutorily entitled to an award of three months’ rent which was greater than the actual damages awarded for the plaintiffs G.L.c. 186, §14 violation. The motion was improperly denied.
1. Section 14 of G.L.c. 186 provides, in relevant part:
Any lessor or landlord of any building or part thereof occupied for dwelling purposes ... who willfully or intentionally fails to furnish such water, hot water, heat, light, power, gas, elevator service, telephone service, janitor service or refrigeration service at any time when the same is necessary to the proper or customary use of such building or part thereof,... or who transfers the responsibility for payment for any utility services to the occupant without his knowledge or consent.... shall also be liable for actual and consequential damages or three months’ rent. whichever is greater, and the costs of the action, including a reasonable attorney’s fee... [emphasis supplied].
Generally, in determining whether there has been a violation of the statute, it is the landlord’s conduct and not his intent which controls. Cruz Mgm. Co. v. Thomas, 417 Mass. 782, 789-790 (1994). It is clear from a plain reading of G.L.c. 186, §14 that the act of transferring responsibility for payment of the common area electricity charges to the defendants, without their knowledge or consent, per se constituted a violation of §14 by the plaintiff herein even though his conduct was merely negligent or unintentional, rather than willful, reckless or malicious. See Simson v. Solomon, 385 Mass. 91, 101-102 (1982). Thus the trial court’s finding that the plaintiff’s action was unintentional did not absolve him from the statutory consequences of a §14 violation, or permit the court to award less than full statutory damages.
The statute expressly mandates an award of actual damages or three months’ rent, whichever is greater. The Legislature’s provision for a minimum recovery of three months’ rent is designed to serve as
an incentive to the pursuit of relief where the actual and consequential damages are slight or are difficult to prove. [Citation omitted]. As such, the triple rent clause is not a compensatory provision but is designed to deter violations and to encourage tenants to seek relief....
Ianello v. Court Mmg. Corp., 400 Mass. 321, 324 (1987). As the defendants correctly contend, the trial court’s finding herein that the plaintiff had violated the statute should have automatically resulted in an award of damages in the amount of three months’ rent, which exceeded the $140.00 total amount of actual damages, plus costs *72 and attorneys’ fees. The fact that the actual damages were deemed de minimis not only failed to justify an award of the smaller amount, but was indeed the very reason that triple rent should have been awarded instead. “No judicial discretion to enter judgment in an amount less than three months’ rent is afforded by the statute” where actual damages are less. Acevedo v. Russell, 1989 Mass. App. Div. 8, 9.
Accordingly, the trial court’s judgment for the plaintiff is vacated, and this action is returned to the trial court for a new assessment of damages.[3]
So ordered.

 The original execution, which was served upon the defendants but remained unsatisfied, was filed with the plaintiff’s complaint. Thus the amount of the earlier judgment should be added to the damages awarded to the plaintiff in this case, and should not be considered as a credit in any setoff for the defendants.

 In assessing damages, it may be useful for the trial court to recalculate the damages owed to the plaintiff (see note 1, supra) before subtracting the larger amount now due the defendants pursuant to G.L.C. 186, §14.