RODRICK J. CHIODINI[1] *vs.* TARGET MARKETING GROUP, INC.,[2]
& others.[3]

No. 01-P-841.

Bristol. February 12, 2003. - June 20, 2003.

Present: PORADA, KASS, & COHEN, JJ.

*Newspaper. Advertising. Massachusetts Anti-Trust Act. Consumer Protection Act,* Unfair act or practice. *Practice, Civil,* Summary judgment, Discovery.

The judge in a civil action properly entered summary judgment in favor of the defendants, the publishers of a monthly newspaper, on the plaintiff's claim that the defendants' refusal to publish an advertisement for the plaintiff's Internet service violated the Massachusetts Antitrust Act, G. L. c. 93, where, given the other advertising media available to the plaintiff, both in terms of frequency and scope, it could not be said that the defendants enjoyed a dominance of the market and that their refusal to deal in the circumstances presented was an attempt to monopolize area advertising. [378-379]

The judge in a civil action properly entered summary judgment in favor of the defendants, the publishers of a monthly newspaper, on the plaintiff's claim that the defendants' refusal to publish an advertisement for the plaintiff's Internet service violated the Massachusetts Consumer Protection Act, G. L. c. 93A, where, absent a showing by the plaintiff that the defendants' refusal to deal was motivated by a monopolistic purpose or a concerted effort to hinder free trade, the defendants' refusal to deal did not constitute an unfair trade or business practice. [379]

In a civil action alleging that the defendants' refusal to publish an advertisement for the plaintiff's Internet service violated the Massachusetts Antitrust Act, G. L. c. 93, and the Massachusetts Consumer Protection Act, G. L. c. 93A, the judge did not err in allowing summary judgment in favor of the defendants, where the defendants, having submitted affirmative evidence that they were not creating or maintaining a monopoly in refusing to publish the plaintiff's advertisement and that their refusal would not have an anticompetitive effect on free trade, which evidence was not met by countervailing material from the plaintiff, were entitled to summary judgment [379]; moreover, the judge did not abuse his discretion in acting on

---

[1] Doing business as Bay State Internet Services.

[2] Doing business as the Rehoboth Reporter.

[3] Richard Georgia and Barbara Georgia. The Georgias are alleged to be the sole stockholders of Target Marketing Group, Inc.

the motion for summary judgment without giving the plaintiff an opportunity to complete discovery, where the plaintiff failed to identify what specific facts the plaintiff hoped to glean from discovery that would counter the defendants' summary judgment submissions [379-380]; finally, the judge's analysis, while making reference only to G. L. c. 93A, was dispositive of the claims under G. L. c. 93 as well [380].

CIVIL ACTION commenced in the Superior Court Department on August 29, 2000.

The case was heard by *John A. Tierney*, J., on a motion for summary judgment.

*Rodrick J. Chiodini*, pro se.

*Conrad M. Cutcliffe* for the defendants.

PORADA, J. The plaintiff brought this action in the Superior Court against the defendants for violations of G. L. c. 93 (the Massachusetts Antitrust Act), and G. L. c. 93A (the Consumer Protection Act), based on the defendants' alleged refusal to publish in their monthly newspaper an advertisement for the plaintiff's Internet service, which provides information and services to the residents of Rehoboth and surrounding communities. The plaintiff alleged in his complaint that the defendants' refusal violated those statutes because their refusal was based solely on the ground that his Internet service was in direct competition with their newspaper, the Rehoboth Reporter, which is distributed free of charge to all the mailboxes of the residents of Rehoboth. The defendants, alleging that the plaintiff had no reasonable expectation of proving that the defendants had engaged in a monopolistic practice under G. L. c. 93, or in an unfair or deceptive act or practice under G. L. c. 93A, in refusing to accept the plaintiff's advertisement, filed a motion for summary judgment. The defendants also filed a motion for a protective order to stay discovery pending the disposition of their summary judgment motion. A Superior Court judge allowed the defendants' motion for summary judgment without the plaintiff having completed discovery. On appeal, the plaintiff contends that summary judgment should not have been allowed because there were disputed issues of material fact; the judge erred in ruling as a matter of law that the defendants' newspaper was not a monopoly and that the defendants' refusal to deal

with the plaintiff did not amount to an unfair business practice; the judge applied the wrong standard in ruling on the defendants' motion for summary judgment; the judge should not have ruled on the motion until the plaintiff had an opportunity to complete discovery; and the motion did not dispose of the claim under G. L. c. 93. We affirm the judgment for the reasons stated below.

1. *Claim under G. L. c. 93.* The plaintiff claims that the defendants' refusal to deal with him is based on an anticompetitive motive and thus amounts to a monopolistic practice in restraint of trade under G. L. c. 93, the State antitrust statute. It is generally recognized that in the absence of any purpose to create or maintain a monopoly, a newspaper, as a private enterprise, is free to deal with whomever it chooses. *Lorain Journal Co.* v. *United States*, 342 U.S. 143, 155 (1951). *PMP Assocs., Inc.* v. *Globe Newspaper Co.*, 366 Mass. 593, 596-597 (1975). See *J.J. Gordon, Inc.* v. *Worcester Telegram Publishing Co.*, 343 Mass. 142, 144-145 (1961) (a publisher of a newspaper is under no obligation to accept advertising from all who may apply for it provided the refusal is not in furtherance of an illegal monopoly or other unlawful purpose). Here, the motion judge found that the plaintiff had no reasonable expectation of proving that the defendants' refusal to deal with him was in furtherance of the creation or maintenance of a monopoly. The judge did not err in so concluding.

A monopoly is defined under the case law as "a combination, organization or entity so extensive and unified that its tendency is to suppress competition, to acquire a dominance in the market and to secure the power to control prices to the public harm with respect to any commodity which people are under a practical compulsion to buy." *Building Commr. of Franklin* v. *Dispatch Communications of New England, Inc.*, 48 Mass. App. Ct. 709, 715 (2000), quoting from *Commonwealth* v. *McHugh*, 326 Mass. 249, 261 (1950). The defendants submitted proof, uncontroverted by the plaintiff, that their newspaper is published only eleven times a year and that there are other newspapers circulated in the Rehoboth area that are published daily or weekly. In addition, there are other advertising services distributed monthly to all the mailboxes of the residents of Rehoboth. In light of the other advertising media available to

the plaintiff, both in terms of frequency (daily and weekly newspaper circulation) and scope (monthly advertising circulars delivered to all the mailboxes of residents of Rehoboth in the same way as the Rehoboth Reporter),[4] it cannot be said that the defendants enjoyed a dominance of the market and that their refusal to deal in the circumstances presented was an attempt to monopolize area advertising in Rehoboth. See generally *United States* v. *Grinnell Corp.*, 384 U.S. 563, 571-572 (1966) (domination or control of the relevant market requires that the market be defined by the use of the service marketed and may extend to substitute services to which consumers may turn).

2. *Claim under G. L. c. 93A.* The plaintiff claims that whether the defendants' refusal to deal constituted a violation of G. L. c. 93A presented a disputed question of fact precluding summary judgment. However, as noted, absent a showing by the plaintiff on the record that the defendants' refusal to deal was motivated by a monopolistic purpose or a concerted effort to hinder free trade, the defendants' refusal does not constitute an unfair trade or business practice under G. L. c. 93A. *PMP Assocs., Inc.* v. *Globe Newspaper Co.*, 366 Mass. at 599.

3. *Procedural missteps.* The plaintiff argues that the judge erred in allowing summary judgment because of the presence of a number of issues of material fact. There was no error. The defendants, having submitted affirmative evidence that they were not creating or maintaining a monopoly in refusing to publish the plaintiff's advertisement and that their refusal would not have an anticompetitive effect on free trade, which was not met by countervailing material from the plaintiff, were entitled to summary judgment as a matter of law under the standard enunciated in *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

The plaintiff also contends that the judge improperly stayed discovery and then based his summary judgment decision on the plaintiff's lack of evidentiary support for his claim. The

---

[4]The Providence (R.I.) Journal, Attleboro Sun, Taunton Gazette, Seekonk Star, Pawtucket (R.I.) Times, Fall River Herald, Boston Globe, and Boston Herald all deliver to residences and businesses in Rehoboth. In addition, at least four direct-mail coupon services (Val-Pak, Super Coups, Carol Wright Coupons, and Split Ends Hair Salon Mailing) deliver to all the mailboxes of residents of Rehoboth.

plaintiff's opposition to the defendants' motion for a protective order to stay discovery failed to identify what specific facts the plaintiff hoped to glean from discovery that would counter the defendants' summary judgment submissions. Because of the plaintiff's failure in this regard, the judge did not abuse his discretion in acting on the motion for summary judgment without giving the plaintiff an opportunity to complete discovery. See *E.A. Miller, Inc.* v. *South Shore Bank*, 405 Mass. 95, 102 (1989), quoting from *Taylor* v. *Gallagher*, 737 F.2d 134, 137 (1st Cir. 1984) ("A court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery").

The plaintiff also complains that the judge failed to address his claim under G. L. c. 93 in his memorandum of decision. While the judge's decision makes reference to G. L. c. 93A, his analysis is dispositive of both claims under G. L. c. 93 and G. L. c. 93A.

The defendants' request for the imposition of costs under Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979), for pursuing a frivolous appeal is denied.

*Judgment affirmed.*