Greco, EJ.
In their complaint, the plaintiffs, William T. and Jane M. Farynaz (“the Farynazes”), sought to collect from the defendant, Eric Burwen (“Burwen”), damages in the amount of $8,300.00, which represented Burwen’s deposit, held in escrow, for the purchase of property owned by the Farynazes in Danvers, Massachusetts. Burwen failed to go through with the agreed upon purchase on the ground that he had been misled as to the condition of the property, specifically “about the presence of a stream or brook nearby.” Burwen is now appealing the grant of summary judgment to the plaintiffs.
Procedurally, the case moved rather quickly in the trial court once the defendant had been served. Three days after that service, Burwen filed his answer and counterclaim. A little less than a month later, the plaintiffs filed a motion for summary judgment. Eight days later, Burwen filed an opposition to that motion and also a motion for leave to file a third-party complaint against the son of the plaintiffs. Within eleven days, those motions were heard and decided. Since summary judgment had been entered, the trial judge took no action on Burwen’s motion to file a complaint against the son. All these events transpired well before the date set for a case management conference.
In support of the motion for summary judgment, the plaintiffs submitted copies of the purchase and sale agreement, a home inspection report, a Chapter 93A demand letter sent by Burwen’s attorney, a mortgage inspection plan, and the deed to the property when the Farynazes purchased it in 1972. They also attached an affidavit signed by both of them. Relevant to the issue on summary judgment, they stated that they “were never asked about wetlands in the neighborhood, nor did [they] ever represent to Mr. Burwen that there were none.” In opposition, Burwen submitted his own affidavit, photographs of the property, a copy of the “Seller’s Statement of Property Condition,” and materials from the Danvers Conservation Commission. In his affidavit, Burwen stated that he “grew up in the area [of the Farynaz property] and knew there was a high water table that caused water damage in homes throughout the area”; that when he visited the property, it was surrounded by a *272 fence that blocked his view of neighboring yards, thereby preventing him from detecting the presence of any brooks or streams; that while at the scene, he spoke to Paul Farynaz, the son of the owners, and expressed his “concerns regarding bodies of water”; that Paul Farynaz indicated that “he was unaware of the location of the nearest brook but that there were no bodies of water near the property”; that he, Burwen, did not learn of “the brook that abuts the property” until it was shown to him by the plaintiffs as he did a walk-through the night before the scheduled closing; and that he believed that the plaintiffs must have known of the presence of the brook since they owned the property for thirty-five years and had sought “a zoning variance for their garage that discussed ‘wetlands’ in that area extensively.”
Relying on Mass. R. Civ. R, Rule 56(f),[2] Burwen also opposed summary judgment, or at least sought a continuance of the hearing on the motion, on the ground that he should be allowed to conduct depositions of the Farynazes and their son, Paul. Such discovery would relate to the complaint against him as well as to a third-party complaint he sought leave to file against the son. Burwen’s counsel had notified the plaintiffs of the scheduled depositions shortly before the plaintiffs filed their motion for summary judgment. Accordingly, we must determine not only whether, viewing the evidence in the light most favorable to Burwen, all material facts have been established and the plaintiffs are entitled to a judgment as a matter of law, Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004), but also whether it was an abuse of discretion for the trial judge not to delay resolution of the matter until Burwen had the opportunity to conduct some discovery.
It is not disputed that Burwen failed to follow through on the agreed upon purchase of the property, thereby allowing the plaintiffs to retain the deposits (totaling $8,300.00) as liquidated damages pursuant to Paragraph 19 of the purchase and sale agreement. Burwen contends, however, that there is a question of fact concerning his defense of fraud in the inducement. ‘To sustain a claim of misrepresentation, a [party] must show a false statement of a material fact made to induce [him] to act, together with reliance on the false statement by the [party] to the [party’s] detriment.” Zimmerman v. Kent, 31 Mass. App. Ct. 72, 77 (1991). See also Masingill v. EMC Corp., 449 Mass. 532, 540 (2007). The statement must be one of fact as opposed to “merely a matter of opinion, estimate, or judgment.” Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 458 (2002), quoting Chatham Furnace Co. v. Moffatt, 147 Mass. 403, 404 (1888). Here, nothing in the summary judgment materials submitted by Burwen indicated that the plaintiffs directly made any representations to him, true or false, concerning water in the area. Burwen instead relies on the alleged misrepresentation of Paul Farynaz that “he was unaware of the location of the nearest brook but that there were no bodies of water near the property.” Assuming this statement was made, Paul Farynaz was clearly making a distinction between a “brook” and a “body of water.” Burwen presented nothing to indicate that there was a gen *273 uine issue of fact concerning whether there was a body of water nearby. Farynaz’s statement about the nearest brook was merely an expression of his opinion or estimate on which Burwen was not justified in relying.
Assuming, arguendo, that the statement allegedly made by Paul Farynaz was one of fact, Burwen would have been “justified in relying on its truth, although he might have ascertained the falsity of the representation had he made an investigation.” Zimmerman, supra at 81, citing Yorke v. Taylor, 332 Mass. 368, 374 (1955). His reliance, however, had to be “reasonable and justifiable under the circumstances.” Collins v. Huculak, 57 Mass. App. Ct. 387, 391 (2003). He was “required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he utilized his opportunity to make a cursory examination or investigation.” Id. at 392, quoting RESTATEMENT (SECOND) OF TORTS §541 comment a (1977). To avoid summary judgment, it was not enough for Burwen simply to note that there was a fence between the Farynaz property and the neighboring property on which there was a brook. Even if any skepticism were put aside about his ability simply to walk over to the neighbor’s yard, the presence of a brook is a matter of public record. Town maps would show its presence, if not signs as the plaintiffs allege. Nothing on the plaintiffs’ property or within their residence is at issue here. In this context, we consider a simple examination of public records or maps in the nature of a requisite “cursory examination or investigation.”
Additionally, and even more fundamentally, Burwen presented nothing to support his assertion that Paul Farynaz was acting as his parents’ agent or broker during their conversation. “[Bjare assertions[,] ... beliefs and assumptions... [are] not enough to withstand a well pleaded motion for summary judgment. A response ‘must set forth specific facts showing that there is a genuine issue for trial.’” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass. App. Ct. 721, 728 (1989), quoting Mass. R. Civ. P., Rule 56(e). “The authority of an agent to bind a principal in a particular matter becomes a question of fact only when some evidence is introduced either of an express appointment by the principal with a delegation to the agent of specific duties or authority, or of conduct by the principal warranting an inference that the agent is acting on behalf, and with the knowledge and consent, of the principal.” Stamski & McNary, Inc. v. Anderson, 1996 Mass. App. Div. 199, 200. Here, Burwen presented no such evidence. Moreover, there is no mention in the purchase and sale agreement that the plaintiffs had a broker; any notices to them by Burwen were to be sent to their attorney. In asserting that Paul Farynaz was his parents’ broker, the only facts asserted by Burwen are that Paul Farynaz was the plaintiffs’ son, that he was on the premises on July 23,2007, and that he was a broker. The conclusion that he was their broker is pure supposition. See Whirty v. Lynch, 27 Mass. App. Ct. 498, 500 (1989). See also Madsen v. Erwin, 395 Mass. 715, 721 (1985), quoting Olympic Jr., Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972) (“Conclusory statements... not based on personal knowledge [are] insufficient to avoid summary judgment.”).
Finally, the trial judge did not abuse his discretion in denying Burwen’s request to delay resolution of the motion for summary judgment until after he had the opportunity to conduct discovery. As noted above, this case did proceed expeditiously. There was no time for Burwen to engage in meaningful discovery. Additionally, Burwen filed his opposition soon after the plaintiffs sought summary judgment. But it was incumbent on him in that opposition “to identify what specific facts ... [he] *274 hoped to glean from discovery that would counter the [plaintiffs’] summary judgment submissions.” Chiodini v. Target Mktg. Group, Inc., 58 Mass. App. Ct. 376, 380 (2003). He sought the opportunity to depose the Farynazes as well as their son. While depositions may have been important to assess their intent or state of mind, Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991), the crucial issue here was a factual one, i.e., was Paul Farynaz his parents’ broker for this transaction. That he was their son, a broker, and on the premises was not a sufficient “basis in fact for [Burwen’s] allegations before [he] sought discovery” (emphasis in original). E.A. Miller, Inc. v. South Shore Bank, 405 Mass. 95, 102 (1989). Burwen offered no facts concerning what the plaintiffs or their son may have done or may have written or said to him or to his broker indicating a seller/broker relationship. A party “may not ‘fish’ for evidence on which to base [his] complaint ‘in hopes of somehow finding something helpful to [his] case in the course of the discovery procedure.’” Id., quoting Charbonnier v. Amica, 367 Mass. 146, 153 (1975). See Monseco Leather, Inc. v. GFC Corp., 1993 Mass. App. Div. 159, 161 (“The defendant could not defeat [the plaintiffs] well-pleaded Rule 56 motion solely on the basis of a concluso-ry assertion that other facts were potentially discoverable at trial.”). There was therefore no error in the trial court’s allowance of the plaintiffs’ summary judgment motion.
The judgment of the trial court is affirmed. Appeal dismissed.
So ordered.

 Rule 56(f) provides that “[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”